LELA SULLENGER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

J. H. SULLENGER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 15630, 15631. Promulgated December 23, 1948.

*William H. Scott, Esq.*, and *Sam R. Merrill, Esq.*, for the petitioners.
*D. Louis Bergeron, Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge*: The Commissioner determined deficiencies in income tax for fiscal years ended June 30 as follows:

The parties have entered into a stipulation which leaves for decision only the question of whether the Commissioner erred in failing to subtract from gross receipts, as cost of goods sold, the excess over the O. P. A. price paid by J. H. Sullenger for meat which he then sold through his business conducted under the name of Select Meat Co. The stipulation of facts is adopted as the findings of fact.

The petitioners are husband and wife. They reside in Texas, and they filed their returns for the years here in question with the collector of internal revenue for the first district of Texas. The husband will hereinafter be referred to as the petitioner.

The petitioner purchased a business known as Select Meat Co. in 1942. He has since operated it as a sole proprietorship. He keeps his accounts upon an accrual basis, using a fiscal year ending June 30.

The petitioner paid to wholesale meat packing firms during the taxable years, for meats purchased from them, amounts in excess of the O. P. A. prices in effect at the time of the purchases. The petitioner then sold the meat and the income from those sales is being taxed. The Commissioner, in determining the deficiencies, failed to recognize the excess over O. P. A. prices as cost of goods sold.

The respondent argues that the amounts paid in excess of the O. P. A. prices were "not truly a part of cost of goods sold" but were "in reality nothing but a 'bribe' to the various packing firms or amounts paid to them illegally to induce them to sell the goods to petitioner at the ceiling price." He then argues that the amounts must be considered from the standpoint of deductions, deductions are a matter of grace and not of right, to allow these amounts as deductions would be contrary to public policy, and, therefore, the determination of the Commissioner must be affirmed.

The trouble with his argument is that its major premise is unsound. The amounts in question were actually, as the stipulation shows, a part of the cost of goods sold and are not being claimed by this petitioner as a deduction under section 23. Section 23 makes no provision for the cost of goods sold, but the Commissioner has always recognized, as indeed he must to stay within the Constitution, that the cost of goods sold must be deducted from gross receipts in order to arrive at gross income. No more than gross income can be subjected to income tax upon any theory. The income from a business which is wholly illegal was held subject to income tax in *United States* v. *Sullivan*, 274 U. S. 259. Nevertheless, it was necessary to determine what that income was, and the cost of an illegal purchase of liquor was subtracted from proceeds of the illegal sale of the liquor in order to arrive at the gain from the illegal transactions which were subjected to income tax in that case. This is not a case of penalties provided for violation of the O. P. A. regulations. See the Emergency Price Control Act of 1942 (Title 50, App. U. S. C. A., sec. 901 et seq.). No authority has been cited for denying to this taxpayer the cost of goods sold in computing his profit, which profit alone is gross income for income tax purposes. It is unnecessary to discuss cases involving deductions, since this case does not involve any deduction. The point in controversy is decided for the petitioners.

Reviewed by the Court.

*Decisions will be entered under Rule 50.*

---

DISNEY, *J.*, dissenting: I can not agree with the conclusion that the cost of goods above the ceiling price set by law should be subtracted from gross receipts in order to determine gross income. No such question was considered or conclusion reached in *United States* v. *Sullivan*, 274 U. S. 259, relied on in the majority opinion. There only two points were considered: (a) Is the income from illegal business taxable? (b) Did the Fifth Amendment protect the taxpayer from making a return? As indication of how narrow the Court's field of examination was, we quote the last paragraph: "It is urged that if a return were made the defendant would be entitled to deduct illegal

1078

expenses such as bribery. This by no means follows, but it will be time enough to consider the question when a taxpayer has the temerity to raise it."

This problem has received attention in I. T. 3724 and I. T. 3811. Though not cited as authority, they do indicate study of the question here presented. In I. T. 3811, section 117 (j) of the Internal Revenue Code (as to capital gains and losses) was refused application to that part of the gain from sales in excess of the ceiling prices established by the Office of Price Administration, and the gain in excess of ceiling price was held to be ordinary income. In I. T. 3724 precisely the instant situation was involved, and amounts paid in "black market" operations in excess of ceiling prices were held not allowable either as a part of cost of goods sold, or as business expense deduction in computing Federal income tax. The I. T. quotes the Emergency Price Control Act of 1942, in pertinent part, as follows: "It shall be unlawful, * * * to sell or deliver any commodity, or in the course of trade or business to buy or receive any commodity, * * * in violation of any * * * price schedule * * *" set by the law. Thus, both the buying and selling by the petitioner were illegal, if above ceiling prices. Though *Steinberg* v. *United States*, 14 Fed. (2d) 564, holds that ordinary and necessary expenses may be deducted in arriving at profits of an illegal business, a long line of cases establishes that "ordinary and necessary" does not include illegal expenses contrary to public policy. Such cases are assembled in I. T. 3724, *supra;* and there it is concluded, referring to payments in excess of ceiling prices, that "The excess payments are not legitimately to be classified as a part of the cost of goods sold, and public policy decrees that no tax advantage may be derived from such expenditures." I am unable to distinguish the expenditure here involved, so far as here concerned, from expenses found, on grounds of public policy, not to be ordinary and necessary; and any suggestion that the petitioners' capital went into the goods purchased is subject to the same conclusion, that public policy forbids the allowance. The majority view stultifies the law. In effect it means that, though for purposes of preventing inflation the O. P. A. law is effective, the law of income taxation can not recognize it, regardless of the sound public policy involved. The law of income taxation is thus made to uphold the inflation the O. P. A. law seeks to prevent. Had the petitioner, violating the O. P. A. law in purchasing above price ceilings, taken, on the contrary, a loss, it would not be allowable. *Lawrence A. Wagner*, 30 B. T. A. 1099, and cases following it. On the broad question of public policy here involved, I think there is no sound reason to distinguish the present situation from those above covered. The definition of income is broad and inclusive, therefore illegality of business can not serve as a shield; but it does not follow that every expense incurred, however illegal in its nature, may serve

to diminish the receipts. Would expenses of bribery be allowed because an integral part of an illicit business? If not, why exclude from the same category an amount expended which is equally illegal? The amount above ceiling price is affirmatively and positively illegally expended, under the O. P. A. law. It was not necessary, in order to stay in business, to pay the prices in excess of the ceiling set (under any application of *Commissioner* v. *Heininger*, 320 U. S. 467), so far as I see indicated in this case. I think the law here administered must be consistent with the statute passed against inflation, and not contribute thereto despite that law. The whole income tax set-up and administration is a creature of constitution and law. Why an expenditure in contravention of law, and of public policy, should be permitted subtraction and thus affect such taxation, is difficult to understand. Is the law of income tax thus to serve as an exception to the O. P. A. law and its objectives? I think that purchases, like other expenses, to secure effect in reducing what would otherwise be taxed, must be within the law. I respectfully dissent.