C. M. Stormes v. Commissioner. Gladys M. Stormes v. Commissioner.
Stormes v. Commissioner
Docket Nos. 24115, 24116.
United States Tax Court
1950 Tax Ct. Memo LEXIS 293; 9 T.C.M. (CCH) 41; T.C.M. (RIA) 50019; January 25, 1950
Marion Hirschburg, Esq., 300 1/2 Main St., Ames, Ia., and Rex B. Gilchrist, Esq., for the petitioners. G. W. Reardon, Esq., for the respondent. JOHNSON
Memorandum Opinion JOHNSON, Judge: In these consolidated proceedings the Commissioner determined income tax deficiency for the year 1946 against each petitioner as follows: Docket No.
Petitioner
Amount
24115
C. M. Stormes
$13,350.89
24116
Gladys M. Stormes
3,126.48
All facts were stipulated and are so found. [The Facts] Petitioners are husband and wife and reside in Des Moines, Iowa. In the years 1945 and 1946 petitioners were partners doing business under the firm name of the Iowa Feed Company, he owning a 75 per cent interest and she a 25 per cent interest therein. The 1946 tax returns of petitioners were filed with the collector *294 of internal revenue at Des Moines, Iowa; the partnership return of income of the partnership covered the fiscal year July 1, 1945, to June 30, 1946, and also filed were separate individual income tax returns for the calendar year 1946 of each of said partners. The partnership was engaged in the manufacture and sale of commercial feeds. In computing the cost of goods sold by the partnership during the fiscal year ending June 30, 1946, the partnership used the sum of $1,871,021.85 as cost of the merchandise bought for sale in determining the profit reported by it in the partnership return and likewise in determining the distributive shares of the partners of the partnership income. Upon examination and investigation of the partnership return, the respondent determined that the maximum O.P.A. ceiling price for the ingredients purchased to manufacture said feeds was $1,856,290.91 or $14,730.94 less than the amount of $1,871,021.85 actually paid by the partnership therefor. Whereupon the respondent determined that the said sum of $14,730.94 represented amounts paid in "black market" transactions in excess of ceiling prices established by the O.P.A. and hence was not to be treated as *295 a part of the cost of said ingredients in determining the partnership income from the sale of such feeds. Respondent accordingly increased the reported gross and net income of the partnership income by the amount so disallowed, plus other amounts not involved herein, which in turn resulted in proportionate increases in the distributive shares of the partnership income, forming in part the basis of the income tax deficiency here in controversy. [Opinion] Petitioners admit that the partnership did pay for ingredients $14,730.94 in excess of O.P.A. prices, but aver that said sum represents a part of the cost of goods sold, and was not claimed as a deduction under Sec. 23 of the Internal Revenue Code, wherefore they contend that the Commissioner's action relative thereto was unwarranted. We agree with petitioners. This question, based upon facts which respondent's counsel here concedes to be identical with those in the instant case, was decided by the Tax Court adversely to respondent in the case of Lela Sullenger, 11 T.C. 1076. We adhere to our former holding and for the reasons there stated we reverse the respondent's determination on this *296 issue. The petitioner in docket No. 24115 concedes that the Commissioner correctly disallowed travel expense of $1,633.66 and business expense of $519 claimed by him for the taxable year 1946. Decisions will be entered under Rule 50.