AUGUST BRAUN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21481.     Promulgated March 22, 1950.

*Murray M. Weinstein, Esq., Samuel J. Warms, Esq.,* and *Edward Baumgarten, Esq.,* for the petitioner.
*Maurice S. Bush, Esq.,* for the respondent.

---

474

OPINION.

OPPER, *Judge*: The price paid to petitioner on the sale of certain property has been determined by respondent to be partly ordinary income rather than capital gain under section 117 (j) of the Internal Revenue Code [1] because, although the transaction was cast in the form of a sale of petitioner's entire embroidery manufacturing business, it was really only a sale of his machinery; this machinery was covered by an O.P.A. price regulation; the total amount received by petitioner was in excess of those prices; and the excess of those prices not being received for the property itself because only the O.P.A. ceiling price can be considered as having been so received, the balance is not capital gain under section 117, but ordinary income. See I. T. 3811, 1946–2 C. B. 70.

Our findings of fact have disposed of the first of these premises and hence of the entire case. It seems too clear for argument that petitioner sold his entire business. Whether he did so because that would free him from price regulations on individual machines, it is not necessary to decide. Respondent concedes that O.P.A. price regulations did not apply to the sale of an entire business. Petitioner sold the machines; he sold his lease; he sold his good will; he sold his trade name; and he made his customers available to the purchasers. He actually intended to and did retire from the embroidery business, as respondent concedes, and has not reentered it since. Even incidental equipment

---

[1] SEC. 117. * * *

    \*     \*     \*     \*     \*     \*     \*

  (j) GAINS AND LOSSES FROM INVOLUNTARY CONVERSION AND FROM THE SALE OR EXCHANGE OF CERTAIN PROPERTY USED IN THE TRADE OR BUSINESS.—

  (1) DEFINITION OF PROPERTY USED IN THE TRADE OR BUSINESS.—For the purposes of this subsection, the term "property used in the trade or business" means property used in the trade or business, of a character which is subject to the allowance for depreciation provided in section 23 (1), held for more than 6 months, and real property used in the trade or business, held for more than 6 months, which is not (A) property of a kind which would properly be includible in the inventory of the taxpayer if on hand at the close of the taxable year, or (B) property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business. Such term also includes timber with respect to which subsection (k) (1) or (2) is applicable.

not suggested as being affected by the price regulations [2] and some inventory were included in the sale. No one can doubt that petitioner had a business and apparently a flourishing one before the sale. He had no business whatever after the sale was concluded. If he did not sell it, it is difficult to gather what happened to it.

Since the conclusion that petitioner did not sell his business is essential to respondent's entire theory, the indicated finding, as we have said, disposes of the case. It makes it unnecessary to decide whether there was in fact any O.P.A. ceiling for these machines and, if so, what it was, a subject on which respondent's case is silent except for bare reliance on the deficiency notice. It makes it unnecessary to determine further whether, even if the sale were in violation of O.P.A. ceilings, the price received was something other than the selling price of the property under section 117 (j),[3] although indeed the intricacy of respondent's contention on this point may be gathered by comparing one statement in his brief that "respondent has determined that the sum of money received by the petitioner * * * above the ceiling price on his machinery was not part of the selling price" with another statement made in the argument on the factual issue that "the petitioner has thus failed to show that he sold his depreciable equipment for a sum other than the $80,000 determined by the Commissioner." Finally, it is unnecessary to meet petitioner's contention that if respondent's treatment of a part of the selling price as ordinary income is permitted by the statute, the latter is itself unconstitutional.

Having determined that this was a sale of petitioner's entire business and hence concededly permitted by the O.P.A. price regulations, it follows that the deficiency was erroneous.

*Decision will be entered under Rule 50.*

---

[2] Under the general issue the burden was upon the petitioner to demonstrate that the property in question consisted of capital assets within the definition of section 117 (j) and to show its basis. He failed to do so as to some of this incidental equipment, the proceeds of which must accordingly be treated as ordinary income in its entirety. Petitioner concedes that the inventory items must be so treated.

[3] But cf. *Lela Sullenger,* 11 T. C. 1076 ; petition for review dismissed (C. A., 5th Cir.), —— Fed. (2d) —— (Feb. 20, 1950).