Nick Rastelli v. Commissioner.
Rastelli v. Commissioner
Docket No. 19554.
United States Tax Court
1950 Tax Ct. Memo LEXIS 233; 9 T.C.M. (CCH) 262; T.C.M. (RIA) 50078; March 29, 1950
Phillip Nusholtz, Esq., 2646 National Bank Bldg., Detroit 26, Mich., for the petitioner. William R. Bagby, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $1,024.63 in the income tax of the petitioner for 1944. The errors assigned are that the Commissioner "erred in disallowing $2,500.00 in labor costs" and "$455.00 of traveling and entertainment expense." Findings of Fact The petitioner filed his individual income tax return for 1944 with the collector of internal revenue for the district of Michigan. The petitioner, as sole proprietor, was engaged in the tile setting business during 1944. He also was engaged in building houses. He employed about five or six persons during 1944, some of them as *234 tile setters. The record does not show the amount of wages he paid any one of them, the services performed by each, or the circumstances under which any payments were made. He showed on his return, Schedule C, Cost of Goods Sold "Labor $15,983.50" in computing a loss from his business as "Tile Contractor". The petitioner entertained some tile salesmen during 1944 in an effort to improve his business relations with them. The record does not show the extent of the entertainment. The petitioner estimated the cost of it. $200 represents an ordinary and necessary expense of his business for entertainment during 1944. The Commissioner, in determining the deficiency, disallowed "Labor Costs $2,500.00" and "Traveling and Entertainment Expense $455.00." He explained those disallowances as follows: (a) "The Enforcement Division of the National Wage Stabilization Board for Region XI has made a determination that you paid excessive wage rates to your employees in 1944 in violation of regulations issued by the Economic Stabilization Director (Title 32, Chapter XVIII, subchapter A, Part 4001, of the Code of Federal Regulations), and that $2,500.00 of the amount paid to employees in said *235 taxable year shall be disregarded for the purpose of calculating deductions under the revenue laws of the United States. It is, accordingly, held that $2,500.00 of the amount deducted in your return for wages paid to employees is not allowable as a deduction in computing taxable net income. (b) "It is held that the amount of $455.00 which was deducted as traveling and entertainment expense in your return, does not represent ordinary and necessary business expense within the meaning of Section 23 (a) of the Internal Revenue Code, and that said amount is accordingly, not deductible in computing taxable net income." Opinion MURDOCK, Judge: The respondent offered in evidence at the hearing an unsigned carbon copy purporting to be a copy of "Findings and Determination of the Enforcement Division" of the National Wage Stabilization Board for Region XI. Counsel for the petitioner objected to its admission on the ground that it was not properly authenticated and he complains in his brief that he had no opportunity to examine a later illegible photostatic copy, allegedly certified, furnished to the Court by counsel for the Commissioner. The circumstances of its *236 admission were irregular. No findings have been made based upon that exhibit. The remaining record is too meager to permit an intelligent and adequate consideration and decision of the several points discussed in the petitioner's briefs, if it could be assumed that all of them are properly before the Court on the pleadings. The petitioner made some general statements on the witness stand to the effect that he paid some workmen by the job instead of on a time basis but no material or helpful findings other than those made are justified by the record. Abstract questions need not be decided. Suffice to say that it does not appear from this record that the $2,500 item was an ordinary and necessary expense of the business properly deductible for 1944 or was a proper amount to be subtracted in computing gross income for 1944. Cf. Lela Sullenger, 11 T.C. 1076. The principle of Cohan v. Commissioner, 39 Fed. (2d) 540, had to be invoked to allow the petitioner a deduction for entertainment. Decision will be entered under Rule 50.