Henry J. Carew v. Commissioner.
Carew v. Commissioner
Docket No. 35317.
United States Tax Court
1953 Tax Ct. Memo LEXIS 342; 12 T.C.M. (CCH) 253; T.C.M. (RIA) 53079; March 12, 1953
*342 Held, on the facts, the assessment and collection of the concededly correct deficiency asserted herein are not barred by limitation under Section 275 (c) of the Interal Revenue Code. Dale E. Rose, C.P.A., 301 Farmers Bank Building, Mansfield, Ohio, for the petitioner. Mason B. Leming, Esq., for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: The respondent *343 determined a deficiency in income tax for the calendar year 1945 in the amount of $6,461.78. The sole issue is whether the assessment and collection of this deficiency is barred by section 275 of the Internal Revenue Code. All the facts were stipulated under Rule 30 of the Rules of Practice of this Court and are found accordingly. Findings of Fact The petitioner is an individual residing in Mansfield, Ohio. His income tax return for the calendar year 1945 was filed with the collector of internal revenue for the eighteenth district of Ohio, at Cleveland. Ohio, on April 15, 1946, a 30 day extension therefor having been timely obtained. In his return, Form 1040, petitioner reported his occupation as "Transfer & Storage Grocery & Trailers." Under the heading "Your Income" on page 1 he showed himself as self-employed, and, as the only item of income reported under such heading, opposite the figure "4. If you received any other income, give details on page 2 and enter the total here," entered the figure $2,640.47. No amounts were entered under item 2, representing wages, salary, etc., or under item 3, representing dividends and interest, and item 5, representing *344 the total of items 2, 3, and 4, was likewise left blank. On page 2 under "Schedule C - Profit (or loss) from business or profession," he listed the following information: 1. Total receipts
$67,105.95
COST OF GOODS SOLD
2. Inventory at beginning of year
$ 2,100.00
3. Merchandise bought for sale
19,849.41
4. Labor
11,614.07
5. Material and supplies
2,193.30
6. Other costs (explain in Sched-
ule G)
25,869.98
7. Total of lines 2 to 6
$61,626.76
8. Less inventory at end of year
1,521.28
9. Net cost of goods sold (line 7 less
line 8)
$60,105.48
10. Gross profit (line 1 less line 9)
7,000.47
OTHER BUSINESS DEDUCTIONS
11. Salaries and wages not in line 4
$ 704.21
12. Interest on business indebtedness
598.55
13. Taxes on business and business
property
420.20
14. Losses (explain in Schedule G)
325.17
15. Bad debts arising from sales or
services
1,307.85
16. Depreciation, obsolescence and
depletion (explain in Schedule
F)
956.45
17. Rent, repairs and other expenses
(explain in Schedule G)
47.57
18. Amortization of emergency facili-
ties (attach statement)
19. Net operating loss deduction (at-
tach statement)
20. Total of lines 11 to 19
4,360.00
21. Total of lines 9 and 20
$64,465.48
22. Net profit (or loss) (line 1 less
line 21)
$ 2,640.47
*345 An attached typewritten statement itemized item "6. - Other costs" of Schedule C, as follows: Allied Charges
$ 141.02
Association Dues
44.78
Bank Charges
17.94
Mrs. Carew alimony and settlement
11,200.00
Driver's Expenses
3,304.14
Legal Expenses
762.60
Light, Telephone and Water
1,495.91
Miscellaneous Expenses
1,434.99
Social Security
124.86
Trailer Expenses
79.53
Trailer City Expenses
3,169.90
Truck Repairs
3,931.98
Unemployment Insurance
162.33
Total
$25,869.98
Petitioner reported his tax computed from the table on page 4 of the return on the basis of the figure $2,640.47 shown on page 1 as being in the amount of $431.00, and this amount was paid by him. The respondent mailed his notice of deficiency to petitioner on March 27, 1951, which was more than three years but less than five years after the return was filed. The following adjustments made by the respondent and described in the notice of deficiency are accurate and were necessary to reflect the true taxable net income of the petitioner for the year 1945: I. Unallowable deductions and additional income
(a) Net capital gain
$ 4,556.20
(b) Alimony settlement
11,200.00
(c) Legal expense
762.60
(d) Inventory adjustment
254.92
$16,773.72
II. Additional deduction
(e) Optional standard deduction
500.00
Net addition to reported taxable income
$16,273.72
*346 The amount of gross income stated in the petitioner's return for the calendar year 1945 was $7,000.47. Petitioner omitted from the gross income stated in the return the sum of $16,773.72, consisting of the items described above in the notice of deficiency. Opinion The sole issue is whether the assessment and collection of a concededly correct deficiency is barred by Section 275 of the Internal Revenue Code. Section 275 of the Internal Revenue Code, insofar as applicable, provides: "(a) GENERAL RULE. - The amount of income taxes imposed by this chapter shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period. * * *
"(c) OMISSION FROM GROSS INCOME. - If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 per centum of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 5 years after the return was filed." The *347 notice of deficiency having been mailed more than three years but less than five years after the return was filed, the respondent has the burden of proof that the five years limitation applies. C. A. Reis, 1 T.C. 9. The applicability of section 275 (c) is dependent upon two things: (1) the amount of "gross income stated in the return", and (2) the amount of gross income the taxpayer "omits" from the return. If the latter exceeds 25 per centum of the former the five years' limitation is applicable. Form 1040 on which petitioner's income tax return for the calendar year 1945 was filed, does not contain the precise phrase "gross income." The figure $2,640.47 which appears under the general heading "Your Income" on page 1 of the return and which, in this case, is the same amount reported by petitioner opposite item 22 of schedule C as the "net profit" received from his business or profession, no other source of income having been reported, represents his "adjusted gross income." Section 22 (n), Internal Revenue Code. [1] Both parties agree that since the form used in making the return does not contain the phrase "gross income", recourse must be had *348 to the Internal Revenue Code. Section 22 (a) of the Internal Revenue Code defines "gross income" as including "gains, profits, and income derived from * * * trades, businesses, commerce, or sales * * * or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever * * *." Respondent contends that the figure $7,000.47 reported as item 10 under schedule C, being the "gross profit" received from petitioner's business or profession, is the "amount of gross income stated in the return". Respondent further contends that the $4,556.20 item alone, admittedly omitted from the return, being in excess of 25 per centum of $7,000.47, section 275 (c) is applicable. On the other *349 hand petitioner contends that gross income is properly found by taking all items of income and expense "shown on the return" and deducting from gross receipts the applicable items, irrespective of where they might be shown or how the return might be set up as to form. He accordingly asserts that the amount of gross income stated in the return is $46,677.72 or, in the alternative, $35,063.75 computed as follows: Proposed
Alternate
Gross Sales
$67,105.95
$67,105.95
COST OF GOODS SOLD
Beginning Inventory
$ 2,100.00
$ 2,100.00
Purchases
19,849.41
19,849.41
Ending Inventory
(-1,521.28)
(-1,521.28)
Salaries and Wages
11,614.07
Cost of Goods Sold
$20,428.13
$32,042.20
Gross Income
$46,677.82
$35,063.75 He further asserts that the item $4,556.20 "net capital gain" not shown on the return, being less than 25 per centum of the above amounts, the assessment and collection of the deficiency is barred. As another alternative, petitioner asserts that if, instead of decreasing gross sales by items which might be used as a reduction (inventory, purchases and labor) to arrive at gross income, items which are deductions from gross income are added to the *350 reported net profit, the gross income would be $18,915.50 computed as follows: Net Income
$ 2,640.47
Non-Deductible Items
Legal Fees (Included in Line 6)
762.60
Alimony Payment (Included in
Line 6)
11,200.00
Deductions from Gross Income
Bad Debts
(Line 15) (Section 23k)
1,307.85
Office Salaries
(Line 11) (Section 23a)
704.21
Interest
(Line 12) (Section 23b)
598.55
Taxes
(Line 13) (Section 23c)
420.20
Losses
(Line 14) (Section 23e)
325.17
Depreciation
(Line 16) (Section 23l)
956.45
$18,915.50
We think respondent's contentions must be sustained and those of the petitioner rejected. All three of petitioner's computations are apparently based upon the premise that this business was wholly a sales operation (grocery business) whereas the stated nature of his business would indicate that in addition to a grocery business he conducted a transfer and storage business and possibly sales or rental of trailers. Petitioner's contentions would require respondent to audit and in effect reconstruct his entire business accounts. As stated in O'Bryan v. Commissioner, 148 Fed. (2d) 456, 459, "The government is not required to search carefully *351 throughout a tax return to ascertain some fact which will put it on notice of error." It has become axiomatic that in a business involving the sale of goods, gross income is gross sales less cost of goods sold. Lela Sullenger, 11 T.C. 1076; Joe W. Scales, 18 T.C. 1263, (promulgated September 30, 1952); Ray Edenfield, 19 T.C. 13, (promulgated October 10, 1952); Regulations 111, Sec. 29.22 (a)-5. See also footnote in R. L. Langer, 16 T.C. 41, 46. Petitioner reported his total receipts as $67,105.95 and his net cost of goods sold as $60,105.48 which, when subtracted from the total receipts, leaves a balance of $7,000.47. This is the amount which petitioner reported on his return as the gross profits received by him from his business or profession and under section 22 (a) of the Internal Revenue Code it constitutes the amount of gross income stated in the return. We have found as a fact that petitioner omitted from gross income stated in the return the total sum of $16,773.72, consisting of the four items described in the notice of deficiency. C. P. Hale, 1 T.C. 121; M. C. Parrish & Co., 3 T.C. 119 *352 and cases cited therein. Petitioner has admitted that $4,556.20, representing net capital gain, was omitted from his return. This item alone is in excess of 25 per centum of $7,000.47, which we have found was the amount of gross income stated in the return and it is therefore unnecessary to consider the remaining items. [2] It is accordingly held that the assessment and collection of the deficiency asserted herein is not barred. *353 Decision will be entered for Respondent. Footnotes
1. SEC. 22. GROSS INCOME. * * *
(n) DEFINITION OF "ADJUSTED GROSS INCOME." - As used in this chapter the term "adjusted gross income" means the gross income minus - (1) TRADE AND BUSINESS DEDUCTIONS. - The deductions allowed by section 23 which are attributable to a trade or business carried on by the taxpayer, if such trade or business does not consist of the performance of services by the taxpayer as an employee.↩
2. It is to be noted, however, that even if the $11,200 alimony and $762.60 legal expense items, admittedly incorrectly included in the cost of goods sold, are added to the $7,000.47 reported gross profits, thus increasing the amount of gross income to $18,963.07, the two items $4,556.20 net capital gain and $254.92 inventory adjustment, stipulated to be accurate and necessary to reflect the true taxable net income of petitioner but not disclosed in the return, totalling $4,811.12, are in excess of 25% of the amount of gross income stated in the return. This amount, $4,811.12, is likewise in excess of the 25% of $18,915.50, the amount of gross income stated in the return according to petitioner's last computation, and the $16,773.72 which we have found to be the amount of gross income omitted by petitioner is in excess of 25% of either of the amounts of gross income stated in the return under either of petitioner's computations.↩