**NAFFCO, Inc., a Florida corporation, Plaintiff,**

v.

**John L. FAHS, Individually, and as Collector of Internal Revenue of the United States, for the District of Florida, Defendant.**

Civ. T. No. 2190.

United States District Court,
S. D. Florida, Tampa Division.
Oct. 26, 1954.

---

1. It is conceded that in this case the assets consist of the proceeds of the sale of chattels found on the premises.

Robert Trask Mann and Hill, Hill & Dickenson, Tampa, Fla., for plaintiff.

Frank J. Muscarella, Jr., Asst. U. S. Atty., Tampa, Fla., for defendant.

BARKER, District Judge.

During 1944 and 1945, plaintiff purchased certain materials at prices in excess of O.P.A. wholesale ceiling prices and filed returns of income tax and excess profits tax due on the basis of the total amounts paid. The defendant denied that certain items in plaintiff's cost of goods sold were deductible under the law and assessed a deficiency. Plaintiff paid the assessed deficiency and duly filed claims for refund. In time these claims were disallowed, whereupon plaintiff brought this action. Plaintiff moved for summary judgment and filed with the court, among other things, an exhibit labeled Exhibit "D" which is admittedly a true copy of the Revenue Agent's Report dated November 24, 1952, detailing the items which are in controversy. It appears upon hearing the argument of both parties that this report adequately explains the factual basis of plaintiff's claim.

The law of the case is no longer in dispute. Originally the Commissioner declined to acquiesce in the decision in Sullenger, 11 T.C. 1076, but has since withdrawn from that position. Counsel for defendant now concedes that if plaintiff can prove actual payments in excess of O.P.A. ceiling prices it is entitled to recover the additional tax caused by the disallowance of these payments as a part of cost of goods sold.

At the argument it appeared that there were only two items as to which any material issue of fact existed. On page 5 of Exhibit "D" an invoice from Almac Linoleum & Carpet Company totaling $9,870.87 is shown. Plaintiff claimed that $10,000 was the price paid for this merchandise. This leaves a matter of $129.13 in dispute. On page 11 of Exhibit "D" there is an item "Allowance on Pepper invoices included in above payments as $700.00", as to which item plaintiff had no invoice, and as to which defendant contends a genuine issue of fact exists. At the hearing plaintiff's counsel indicated its willingness to give the Government the benefit of the doubt as to these two items and accept summary judgment for whatever amounts would be appropriate after eliminating them from consideration. Referring again to Exhibit "D", page 1 of the exhibit shows that an over-assessment totaling $4,256.69 resulted from the Commissioner's disallowance of amounts paid in excess of O.P.A. wholesale ceiling prices. After resolving in the Government's favor doubts arising from the discrepancy between the Almac invoice and the reported price paid, and the Pepper payments, it appears that plaintiff overpaid taxes for 1944 by $853.77 and for 1945 by $2,813.55, and that it paid interest on these amounts totaling $112.06; it therefore appears, and the Court finds, that on February 2, 1948, plaintiff paid $3,779.38 which it should not have paid and is entitled to recover this amount with interest as allowed by law, together with its cost of action. It is thereupon,

Ordered, adjudged and decreed that plaintiff recover of defendant $3,779.38 with interest as allowed by law, plus its costs of action.