Jeff Rubin and Pumella Rubin v. Commissioner.
Rubin v. Commissioner
Docket No. 41635.
United States Tax Court
T.C. Memo 1954-213; 1954 Tax Ct. Memo LEXIS 31; 13 T.C.M. (CCH) 1094; T.C.M. (RIA) 54319; December 8, 1954, Filed Jeff Rubin, pro se. John P. Higgins, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion Respondent determined deficiencies in petitioners' income taxes for 1948 and 1950 in the respective amounts of $823.52 and $259. The issues are (1) whether the respondent erred in determining the petitioners' net income for each of the taxable years in question by including as additional net income the total amount of gross receipts from the operation of a small retail grocery business without deduction of any amount for net cost of goods sold and without deduction for any business expenses, and (2) whether the respondent properly disallowed certain itemized deductions claimed by petitioners in their returns. Findings of Fact Petitioners were husband and wife during the years 1948 and 1950. *32 Their joint income tax returns for those years were filed with the collector of internal revenue for the first district of Texas, at Austin. For unknown periods of time during the years 1948 and 1950 Jeff Rubin worked as a longshoreman in Port Arthur, Beaumont, and Port Neches, Texas. His total wages for the years 1948 and 1950 amounted to $2,360 and $804.19, respectively. These amounts are not in controversy. During each of the years 1948 and 1950, Pumella Rubin operated a small retail grocery store in Port Arthur, Texas, under the name Rubin Grocery. The books and records of the business were kept by Pumella Rubin, and Jeff Rubin ahd no knowledge of them. Petitioners' income tax returns for 1948 and 1950 show the following computations of net loss for those years: [1]
1948
1950
Receipts
$5,000.00
$2,171.81
Opening inventory
$ 500.00
$ 300.00
Purchases
4,000.00
3,129.28
Labor
40.00
31.00
Material
73.00
Other costs
125.00
$4,738.00
$3,460.28
Closing inventory
500.00
500.00
Cost of goods sold
4,238.00
2,910.28
Gross profit
$ 772.00
($ 738.47)
Deductions: Interest
$ 3.80
Taxes
$ 125.00
8.50
Losses
168.00
54.00
Depreciation
55.00
10.00
Repairs
315.00
10.00
Miscellaneous
35.00
Amortization (lights)
287.00
970.00
216.00
364.00
Loss
$ 228.00
$ 392.17
*33 In their returns for 1948 and 1950 petitioners claimed the following deductions: [2]
1948
1950
Contributions
$ 152.50
$ 50.00
Interest
540.00
Taxes: Property tax
$140.00
$70.00
Insurance
243.16
Fire insurance
42.00
Water
48.00
Auto license
11.50
484.66
70.00
Casualty losses - storm
25.00
Medical expense: Doctors' fees
$34.75
Life insurance
70.00
33.00
67.75
Miscellaneous: Auto tires to and from work
$ 93.00
Auto repair to and from work
84.00
45.00
Auto repair to and from work
125.00
Union dues
118.00
355.00
$40.20
Repair on house
23.00
73.20
Total deductions
$1,626.00
$250.95
In determining the deficiencies involved respondent disallowed all of the claimed cost of goods sold and other business deductions, and placed the reported gross receipts in income. In addition, respondent disallowed all of the claimed itemized deductions and determined petitioners' tax liability on the basis of the standard deduction of 10 per cent of adjusted gross income. *34 During each of the taxable years 1948 and 1950 petitioners' cost of goods sold amounted to not less than 75 per cent of their gross receipts from the operation of their retail grocery business. During the taxable year 1948 petitioners made contributions to recognized charities in the total amount of $153.30, paid interest of $57.60, property taxes of $140, union dues of $118, and suffered a storm loss of $25 which was not compensated for by insurance or otherwise. During the taxable year 1950 petitioners made contributions to recognized charities in the total amount of $50, paid property taxes of $70, and paid union dues of $40.20. Opinion LEMIRE, Judge: The first question presented is whether the respondent erred in determining the petitioners' net income for 1948 and 1950 by including as additional income the total amount of gross receipts from the operation of a small retail grocery business without deduction of any amount for net cost of goods sold and without deduction for any business expenses. The record shows that for the taxable years 1948 and 1950 the books and records of petitioners' small retail grocery were kept by petitioner Pumella Rubin, who did not appear *35 at the hearing of this proceeding. Petitioner Jeff Rubin appeared, without counsel, and testified that he had worked as a longshoreman during the years in question and had no knowledge as to the books and records, since he relied upon his wife to maintain them properly. In determining the deficiencies in question the respondent has treated as net income petitioners' reported gross receipts of the business for each of the taxable years. The basis for such determination appears to be that petitioners' returns contained many estimated round figures not substantiated by any books or records. It is clear that the respondent may, for reasons he deems sufficient, employ such reasonable method which he thinks will reflect the amount of taxable income. Se. 41, I.R.C. (1939); [1]Bishoff v. Commissioner, 27 Fed. (2d) 91. In such event the burden of proof rests heavily upon the taxpayer to overcome the respondent's presumption of correctness. Cohan v. Commissioner, 39 Fed. (2d) 540. However, the burden to adopt a method that will clearly reflect the taxpayer's income is on the respondent equally as well as on the taxpayer. Helvering v. Taylor, 293 U.S. 507; *36 Keneipp v. United States, 184 Fed. (2d) 263; Bradstreet Co. v. Commissioner, 65 Fed. (2d) 943. We think it is well established that in figuring business income, involving the sale of goods, the cost of goods sold must be deducted from gross sales in order to arrive at gross income. Lela Sullenger, 11 T.C. 1076; G. E. Fuller, 20 T.C. 308, 316. In the instant proceeding respondent *37 has determined that gross sales constitute gross profit which, in turn, constitute net income. We think such determination is arbitrary and without authority. Helvering v. Taylor, supra.Although we sustain respondent's denial of the claimed business deductions for lack of substantiation, we think it wholly unrealistic to determine that petitioners incurred no expenses in deriving their gross receipts from their small retail grocery business. Accordingly, we have found as an ultimate fact that petitioners' cost of goods sold was at least 75 per cent of gross sales. Therefore, 25 per cent of petitioners' reported gross sales for 1948 and 1950, in the respective amounts of $5,000 and $2,171.81, constituted additional net income to petitioners. See Cohan v. Commissioner, supra. The second question involves the propriety of the respondent's disallowance of certain itemized deductions claimed by petitioners in their returns for 1948 and 1950. Although petitioners were unable to offer documentary proof to substantiate the claimed expenditures, we think the testimony of the petitioner, Jeff Rubin, is creditable. As to those items in respect of which the testimony *38 appears to be exact, the respondent, on brief, has conceded that petitioners are entitled to those deductions in determining net income. We have set forth in our findings of fact the specific deductible items. As to other items, we sustain the respondent's disallowance of the other claimed deductions either because they are not properly deductible or because there has been a failure of proof. Decision will be entered under Rule 50. Footnotes
1. The arithmetical errors are those of the petitioners.↩
2. The arithmetical errors are those of the petitioners.↩
1. SEC. 41. GENERAL RULE. The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income. If the taxpayer's annual accounting period is other than a fiscal year as defined in section 48 or if the taxpayer has no annual accounting period or does not keep books, the net income shall be computed on the basis of the calendar year.↩