OPINION. Van Fossan, Judge: While admitting that there was an understatement of gross receipts in each of the taxable years, petitioners urge that there was no understatement of taxable income. That is to say, petitioners naively contend that all understatements of gross receipts are offset by the unaccounted for overceiling payments made by Williams for scarce commodities used by the restaurants and for wages paid in excess of those allowed by law, all of which they allege would enter into the computation of cost of goods sold on the tax returns involved; that none of such expenses were so claimed; and that, therefore, there was no actual omission of taxable income in any of the years in question. We do not agree. It is obvious that any set of books deliberately designed and kept for the express and admitted purpose of concealing the truth by understatement of costs and receipts and thereby deceiving and defrauding one branch of the Government, cannot speak the truth or accurately reflect the taxpayer’s income in any case. As to petitioners’ contention that the omission from expenses paid of the over-ceiling wages would balance the understatement of income, we need but to refer to section 5 (a), Emergency Price Control Act of 1942, as amended, P. L. 729, 56 Stat. 765, 767, and Executive Order 9250, October 3, 1942, 1942-2 C. B. 92, which specifically proscribes the recognition of any such payments made in contravention of the then existing wage and salary regulations “* * * for the purpose of calculating deductions under the Revenue Laws * * Albeit the amounts allegedly paid by Williams in excess of the maximum price fixed by law for commodities used by the restaurants during the years involved, if proved, might be includible in determining the cost of goods sold by the restaurants in such years, Lela Sullenger, 11 T. C. 1076, and I. T. 4104, 1952-2 C. B. 71, this record contains no reliable evidence as to the amounts actually expended for over-ceiling prices of commodities and for extra wages. This being true, the record made affords no basis for our making a reasonable estimate. Cf. Cohan v. Commissioner, 39 F. 2d 540. Respondent’s determination of the deficiencies herein is therefore approved. On the question of fraud — upon full consideration of all facts as above set out and all the normal and rational inferences flowing from such facts, we have concluded and therefore found, on clear and convincing evidence, that the taxpayers, Williams and Masters, filed false and fraudulent returns for each of the taxable years with intent to evade tax and to defraud the Government of taxes rightfully due, and that some part of each deficiency here involved was due to fraud with intent to evade tax. Accordingly, the statute of limitations does not bar respondent’s action. Decisions will he entered for the respondent.