T.C. Summary Opinion 2001-133

UNITED STATES TAX COURT

STEPHEN J. COTTA, SR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16488-99S.          Filed September 4, 2001.

Stephen J. Cotta, Sr., pro se.

<u>Andrew J. Wyman</u>, for respondent.

DINAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioner's Federal income tax of $1,695 for the taxable year 1996.

The issue for decision is whether petitioner is entitled to deductions for business expenses and to the subtraction from gross receipts for an amount of cost of goods sold.

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioner resided in San Jose, California, on the date the petition was filed in this case.

During 1996, petitioner earned $55,201 in wages from Applied Materials, Inc. and Philips Semiconductors, Inc. He also received $17,727 in pension and annuity income, primarily from military retirement benefits.

Petitioner filed a Schedule C, Profit or Loss from Business, with his 1996 Federal income tax return. This schedule listed petitioner as the proprietor of a housekeeping business named "Beverly's Housekeeping". The following amounts were reported on the schedule:

| | | |
|---|---:|---:|
| Gross receipts | | $ -0- |
| Cost of goods sold | | (750) |
| Expense deductions | | |
| Advertising | $6,000 | |
| Insurance | 775 | |
| Office expense | 1,045 | |
| Supplies | 350 | |
| Meals and entertainment | 437 | |
| Wages | 750 | |
| Total | | (9,357) |
| Net loss | | (10,107) |

In the statutory notice of deficiency, respondent disallowed in full the cost of goods sold and the business expense deductions because petitioner did not establish that each was "paid or incurred during the taxable year and that the expense was ordinary and necessary" to his business.[1]

Expenses which are ordinary and necessary in carrying on a trade or business generally may be deducted in the year in which they are paid. Sec. 162(a). The cost of goods sold is subtracted from gross receipts in determining a taxpayer's gross income. Sullenger v. Commissioner, 11 T.C. 1076 (1948).

A taxpayer generally must keep records sufficient to establish the amounts of the items reported on his Federal income tax return. See sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. However, in the event that a taxpayer establishes that a deductible expense has been paid but is unable to substantiate the precise amount, we generally may estimate the amount of the deductible expense bearing heavily against the taxpayer whose inexactitude in substantiating the amount of the expense is of his own making. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). We cannot estimate a deductible expense, however, unless the taxpayer presents evidence sufficient to

---

[1]The other adjustments made in the notice of deficiency were to the itemized deductions; these adjustments are computational and will be resolved by the Court's holding on the issue in this case.

provide some basis upon which an estimate may be made.  See
Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).

Section 274(d) supersedes the Cohan doctrine.  See Sanford
v. Commissioner, 50 T.C. 823, 827 (1968), affd. 412 F.2d 201 (2d
Cir. 1969).  As relevant here, section 274(d) provides that,
unless the taxpayer complies with certain strict substantiation
rules, no deduction is allowable for meals and entertainment
expenses or with respect to listed property.  Listed property
generally includes computers.  Sec. 280F(d)(4).  To meet the
strict substantiation requirements, the taxpayer must
substantiate the amount, time, place, and business purpose of the
expenses.  See sec. 274(d); sec. 1.274-5T, Temporary Income Tax
Regs., 50 Fed. Reg. 46006 (Nov. 6, 1985).

We are not convinced that petitioner had a trade or business
within the meaning of section 162(a).  Petitioner's testimony
concerning the alleged business activity can be summarized as
follows.  The business was started in May 1996 and lasted until
December 1996.  Beverly Castillo, a personal friend of
petitioner's, performed the housekeeping services, while
petitioner did marketing and business development.  The business
started with six clients; Ms. Castillo already had been
performing housekeeping services for four of these clients before
petitioner became involved in the business.  According to an
agreement, Ms. Castillo was to take all revenue from the first 10

clients, and any further revenue would be divided equally. The business had no office, but petitioner rented a mailbox in Modesto, California, for its use. Clients would pay between $50 and $100 for the housekeeping services with the exception of one client who was a cosmetic surgeon and who rendered payment in the form of breast implant surgery. The cost of goods sold claimed on petitioner's return in the amount of $750 was the cost of Ms. Castillo's housecleaning services rendered to clean petitioner's personal residence "to foster motivation and enthusiasm in Ms. Castillo." This same expenditure was also claimed as a deduction for wage expense. The advertising expense of $6,000 consists partly of advertising at a bar/restaurant during "Friday night get-togethers with the local crowd" in which petitioner would find out who needed housekeepers. The remainder is non-advertising expense which was categorized improperly. Petitioner also purchased insurance and cleaning supplies for the business, as well as a computer that was used over half the time for business purposes. Finally, petitioner purchased meals while traveling to look for clients. The business was terminated when Ms. Castillo's boyfriend asked her to terminate her business relationship with petitioner in order to foster their own personal relationship.

We find that, at most, petitioner was in the process of starting a business which never materialized. However, assuming

arguendo that he did in fact have a trade or business, we hold that he is not entitled to the claimed deductions (or to the cost of goods sold) because they have not been substantiated. See secs. 274(d), 6001. Petitioner claimed that flooding destroyed his records, but provided neither corroboration of this assertion nor any reconstructed records. Furthermore, petitioner's testimony--the only evidence he provided--was vague concerning specific items and did not provide a sufficient basis upon which we could estimate any amounts.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.