## SWIFT MFG. CO. v. UNITED STATES.
### No. 42615.

Court of Claims.
Nov. 4, 1935.

Frank L. Warfield, of Washington, D. C. (Stanley Worth, of Washington, D. C., on the brief), for plaintiff.

George H. Foster, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WHALEY, Judge.

Plaintiff seeks to recover an alleged overpayment of income tax for 1929 in the amount of $7,141.84 on the theory that it has proved its inventories were incorrectly stated in its return and that when correctly stated they reflect a reduction in income which will show an overpayment of the amount sought to be recovered.

The facts in this case show that plaintiff had been following a certain inventory method since about 1920, and upon examination of its return for 1930 the Commissioner prescribed a different basis and accordingly adjusted the inventories for that year by the use of this new basis, thereby producing a small deficiency. Thereafter plaintiff filed claims for refund for 1929 and 1931 in which it contended that a refund should be granted because the inventories had been correctly revised under the same basis employed by the Commissioner for 1930. The Commissioner accepted the inventory adjustments for 1931, but refused to accept them for 1929. During a consideration of the claim for 1929 the Commissioner referred the claim to a revenue agent, who examined it and recommended its allowance but the Commissioner refused to allow the claim. No other proof is offered as to the correctness of the inventory for which plaintiff contends.

We are here concerned with the use of inventories, a question that was left by Congress largely to the discretion of the Commissioner.

Section 22 (c) of the Revenue Act of 1928 (26 USCA § 22 note), which governs the case at bar, reads: "(c) Inventories. Whenever in the opinion of the Commissioner the use of inventories is necessary in order clearly to determine the income of any taxpayer, inventories shall be taken

by such taxpayer upon such basis as the Commissioner, with the approval of the Secretary, may prescribe as conforming as nearly as may be to the best accounting practice in the trade or business and as most clearly reflecting the income."

As this court said in Clark Distilling Company v. United States, 66 Ct. Cl. 726, certiorari denied, 279 U. S. 868, 49 S. Ct. 482, 73 L. Ed. 1005, "Both the use and the basis of inventories were matters left to the administrative discretion of the commissioner" and in Riverside Manufacturing Company v. United States, 67 Ct. Cl. 117, certiorari denied, 279 U. S. 863, 49 S. Ct. 479, 73 L. Ed. 1002, "The basis of inventories was one specifically confided by Congress to the commissioner and Secretary." In the exercise of that administrative discretion, the Commissioner, in the case before us, rejected plaintiff's claim for an inventory adjustment. Under such circumstances a heavy burden is placed on plaintiff of showing that the Commission's action was plainly arbitrary or capricious. Lucas v. Kansas City Structural Steel Company, 281 U. S. 264, 50 S. Ct. 263, 74 L. Ed. 848, and Finance & Guaranty Co. v. Commissioner (C. C. A.) 50 F.(2d) 1061. The record fails to disclose anything of an arbitrary or capricious nature in the Commissioner's action. The closing inventory for 1929 is the opening inventory for 1930 and the opening inventory for 1929 the closing inventory for 1928, and in that way inventory adjustments directly affect income for other years. In the year in which the changed method was first applied (1930) only an insignificant change in tax liability occurred, whereas if the closing inventory for 1928, which is also the opening inventory for 1929, is opened up, the tax liability for 1928 and 1929 will be changed so that a refund may be given for 1929, but a deficiency determined for 1928 which is outlawed. This shows the inequity which would result. The Commissioner made the change where no inequity would result, but refused to extend the change to years where it would be detrimental and prejudicial to the interests of the government. It appears to us that in so deciding he exercised sound discretion.

A further obstacle to recovery by plaintiff is the fact that it has failed to prove there was an overpayment. In an action to recover taxes paid the burden is on the taxpayer not only to show that the assessment as made by the Commissioner was erroneous, but also to show facts from which a determination can be made of the amount to which he is entitled. Helvering v. Taylor, 293 U. S. 507, 55 S. Ct. 287, 79 L. Ed. 623. The proof in the case at bar falls far short of the above requirements. What the plaintiff relies on is that it presented the claim to the Commissioner which it contended was prepared on the same basis as that used by the Commissioner in determining plaintiff's tax liability for 1930. During a consideration of the claim the Commissioner referred it to a revenue agent who examined it and recommended its allowance, but the Commissioner refused to concur in the recommendation of the revenue agent. A mere statement of this nature is not sufficient to show what in fact was plaintiff's correct inventory for the year in question. A recommendation by a revenue agent which is not accepted by the Commissioner is not binding on the Commissioner and does not become the Commissioner's act. The Commissioner in rejecting the claim referred to estoppel as the basis for his action and made no reference to any error in plaintiff's inventory computation, but there is no statutory requirement that the Commissioner shall assign a reason for his action, nor does it follow that recovery can be had, even though an erroneous reason may be assigned for the rejection. It may well be that the Commissioner considered estoppel of itself sufficient to justify the disallowance of the claim without even considering the merits of the inventory adjustment. Merely because the Commissioner rejected the claim on the ground mentioned, we cannot say that he thereby approved the correctness of the claim on its merits. That is in substance the plaintiff's proposition. In our opinion such proof is not sufficient to support a judgment.

There is no evidence in the record to enable the court to ascertain the correct amount refundable to the plaintiff if it were entitled to recover. The court would have to accept plaintiff's figures as set out in the claim without satisfactory proof of the correctness of the items.

It follows that the petition must be dismissed. It is so ordered.

BOOTH, Chief Justice, and WILLIAMS and GREEN, Judges, concur.

LITTLETON, Judge, dissents.