### ROYBARK v. UNITED STATES
(two cases).

United States District Court

S. D. California, Central Division.
May 16, 1952.

Irving S. Baltimore, Los Angeles, Cal., Strong & Schwartz, Beverly Hills, Cal., for plaintiffs.

Walter S. Binns, U. S. Atty., E. H. Mitchell and Edward R. McHale, Asst. U. S. Attys., Eugene Harpole and Frank W. Mahoney, Sp. Attys., Bureau of Internal Revenue, Los Angeles, Cal., for defendant.

HARRISON, District Judge.

Plaintiffs, husband and wife, have brought these actions for refund of taxes paid, 28 U.S.C.A., § 1340. The issues of law and fact being identical it was stipulated that whatever evidence applied to the husband's case would apply as well to that of Mrs. Roybark.

The income tax returns of the plaintiffs for the years in question, 1945 and 1946, were filed with the Collector of Internal Revenue for the Sixth Collection District. During those years, Mr. Roybark was in the used automobile business. Subsequent to their filing, it was discovered that Mr. Roybark's business transactions included some purchases and sales made in violation of the then O.P.A. ceilings. In 1949, each plaintiff was assessed an additional sum in taxes for the years herein involved as a deficiency assessment. The theory behind the assessment was one which disallowed amounts expended in excess of O.P.A. ceiling prices, but the amount actually assessed was, of necessity, based on an estimate. Those records of Mr. Roybark made available to the investigating agent not reflecting any of the over-ceiling receipts or expenditures, the agent estimated the amounts paid in excess of the ceiling price, and the assessment was based on the disallowance of that estimated figure. On July 5, 1949, each plaintiff paid the amounts assessed for both calendar years, and thereafter filed claims for refund, which claims were disallowed in full.

The issues in this case resolve themselves to but two:

1. Can the Commissioner disallow from the cost of merchandise that portion thereof which was paid in excess of the O.P.A. ceiling price?

2. Have the plaintiffs sustained their burden of proof so as to entitle them to the refunds sought?

The first question has been before the Tax Court, Sullenger v. Commissioner, 11 T.C. 1076, and it has rendered rulings adverse to the contention of the Commis-

sioner. Such rulings stand undisturbed by any appellate court. The question was fairly presented to Judge Chesnut in the case of Anderson Oldsmobile, Inc., v. Hofferbert, D.C., 102 F.Supp. 902. He decided against the Commissioner.

■ I concur in the conclusions and hereby adopt the able opinion of Judge Chesnut and the authorities therein cited. I therefore hold the Commissioner was in error in holding the excess over-ceiling expenditures were not allowable as part of the cost of the automobiles.

Coming to the second question, the government has adopted a different method in its effort to bar the plaintiffs' recovery by contending that the plaintiffs have not sustained their burden of proof. The government now, in effect, says to plaintiffs: "Our theory may have been wrong, but that is not enough to show you are entitled to a refund." It is with no small reluctance that I must agree with the government in this case.

Plaintiffs contented themselves in relying solely on their income tax returns for the two years as evidence of their cost of sales and profits. They did not present their books of record nor any other evidence showing their income or expenditures. Neither plaintiff took the stand. I am satisfied that these returns were not accurate.

Looking at the picture from the vantage point most favorable to plaintiffs, what apparently happened was this: Plaintiffs did not include any of the black-market profit in their 1945 returns. The 1946 returns included not only the "legitimate" income for that year, but also the alleged black-market profit for both years. Why Mr. Roybark chose this peculiar mode of reporting is not for my determination. No citations of authority are necessary, however, for the proposition that such method is not sanctioned by our annual accounting concept of income tax reporting. Although plaintiffs' returns for 1945 and 1946 may have reported the total income for the two years, they did not report their true income from sales each year. Thus, I have no accurate figures before me reflecting the business income and cost of sales for the years 1945 and 1946, respectively.

■ It is well settled that an action for refund of taxes paid to the government is in the nature of an action for money had and received and is governed by equitable principles. Stone v. White, 301 U.S. 532, 534, 57 S.Ct. 851, 81 L.Ed. 1265; Lewis v. Reynolds, 284 U.S. 281, 283, 52 S.Ct. 145, 76 L.Ed. 293; Champ Spring Co. v. U. S., 8 Cir., 47 F.2d 1; Ryan v. Alexander, 10 Cir., 118 F.2d 744, 748. There is a well recognized distinction between the taxpayer's burden of proof in an action such as this and a proceeding before the Tax Court. Taylor v. Commissioner, 2 Cir., 70 F.2d 619, 621, affirmed Helvering v. Taylor, 293 U.S. 507, 514, 55 S.Ct. 287, 79 L.Ed. 623; Forbes v. Hassett, 1 Cir., 124 F.2d 925, 928; Maroosis v. Smyth, 9 Cir., 187 F.2d 228, 232.

■ As stated by the Second Circuit in Taylor v. Commissioner, 70 F.2d 619, 621:

"* * * the reason for this is obvious; a plaintiff, seeking an affirmative judgment measured in dollars, must prove how much is due. His claim is for money paid and he must show that every dollar he recovers is unjustly withheld. So it is not enough merely to prove that the tax as a whole was unlawful; some of the dollars he paid may nevertheless have been due. But this reasoning does not apply when the proceeding is to review an assessment. Although that does indeed partake of the nature of a judgment, and the taxpayer has the burden of proving that it was wrong, after he has done so, he need not, at least under ordinary principles of procedure, prove that he owed no tax, or what was the tax that he did owe. * * *"

In Champ Spring Co. v. U. S., 8 Cir., 47 F.2d 1, 3, the issue is stated to be:

"* * * To whom does the money in equity, justice, and good conscience belong? If the plaintiff fails to show that it has a superior right to that of the defendant, it cannot recover. * * *"

■ Not only must the plaintiff show that the Commissioner was wrong, but he must go further and establish the essential facts from which a correct determination of his tax liability can be made. Lewis v. Reynolds, 284 U.S. 281, 283, 52 S.Ct. 145, 76 L.Ed. 293; Forbes v. Hassett, 1 Cir., 124 F.2d 925, 928; Harvey v. Early, 4 Cir., 189 F.2d 169; Swift Mfg. Co. v. U. S., 12 F.Supp. 453, 456, 81 Ct.Cl. 932. The tax-payer must show that he has overpaid his tax and that involves a redetermination of his entire tax liability. Globe Gazette Printing Co. v. U. S., 13 F.Supp. 422, 425, 82 Ct.Cl. 586. He must show the exact amount to which he is entitled. Helvering v. Taylor, 293 U.S. 507, 514, 55 S.Ct. 287, 79 L.Ed. 623.

■ One way by which plaintiffs could have sustained their burden was through the books and records kept in the business. Harvey v. Early, 4. Cir., 189 F.2d 169, 171; Bergdoll v. Pollock, 95 U.S. 337, 24 L.Ed. 512. They did not do so. Mr. Roybark could have taken the stand and testified as to his sales and cost of sales for each year. He did not do so. The sole evidence to show the income for each year was the tax returns and whatever inference or presumption there may have been as to their accuracy was certainly rebutted by the reporting of part of the 1945 income, that from black-market transactions, as a part of the 1946 income and by not reporting such profits in the 1945 return.

■ There can be little doubt that the theory behind the Commissioner's assessment was legally wrong, but that is not sufficient. Saunders v. Higgins, D.C., 29 F.Supp. 326, 327; reversed on other grounds, Bankers Trust Co. v. Higgins, 2 Cir., 136 F.2d 477; Swift Mfg. Co. v. U. S., 12 F.Supp. 453, 456, 81 Ct.Cl. 932. The Commissioner resorted to speculation or guess-work in determining what part of plaintiffs' cost of sale was in excess of the ceiling prices, and in disallowing same, but I cannot resort to such speculation in determining what part of the assessment is unjustly held by the government. Because plaintiffs have failed to sustain their burden of proof and have failed to prove their actual income for either year, I must find for the defendant in the above entitled actions.

Defendant is directed to submit proposed findings of fact and judgment in accordance with the opinions herein expressed.