**JONES v. HERBER et al.**

No. 4422.

United States Court of Appeals
Tenth Circuit.

July 10, 1952.

Hilbert P. Zarky, Sp. Asst. to Atty. Gen. (Ellis N. Slack, Acting Asst. Atty. Gen.,

Lee A. Jackson, Sp. Asst. to Atty. Gen., and Robert E. Shelton, U. S. Atty., Oklahoma City, Okl., on the brief), for appellant.

W. Otis Ridings, Oklahoma City, Okl. (Norman E. Reynolds and Norman E. Reynolds, Jr., Oklahoma City, Okl., on the brief), for appellees.

Before HUXMAN, MURRAH and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

During the years 1945 and 1946 the taxpayers, H. S. Herber and Maurine Herber, husband and wife, were engaged in the business of buying and selling used cars. They purchased used cars for the purpose of resale and admittedly paid therefor amounts in excess of the maximum ceiling prices then in effect under the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq. In computing their gross income for the years in question the taxpayers deducted as part of the cost of the automobiles the full amount of the price paid. The Commissioner levied deficiencies in the tax for those years by disregarding that portion of the purchase price which exceeded the lawful ceiling price. The taxpayers paid the deficiencies and brought this suit in the Western District of Oklahoma to recover the same. Relying principally upon Sullenger v. Commissioner, 11 T.C. 1076, and subsequent Tax Court decisions, the trial court held that under the terms of the statute and the regulations the entire purchase price was part of the cost of the automobiles and therefore was allowable.[1]

The sole question presented in this appeal is whether the taxpayers were, for income tax purposes, entitled to include as part of the cost of their automobiles the amounts paid in excess of lawful ceiling prices.

The identical question was recently before the Fourth Circuit,[2] where it was held that Congress intended to tax the income on such sales "only the difference between the sales price and the actual cost of the goods sold, even though a part of this cost was paid unlawfully in violation of the Emergency Price Control Act of 1942." It was then stated that, "Nowhere in the Internal Revenue Act or in the Treasury Regulations is there any intimation that the word 'cost,' as used in the Act and in those Regulations, is to be denied its actual, economic and ordinary meaning, and is to include only costs that are legally paid, so as to exclude costs actually paid in excess of those prescribed by the Emergency Price Control Act of 1942." We agree with the reasoning and the conclusion reached in that case, and further discussion of the question is unnecessary.

In a similar case the First Circuit reached the same conclusion.[3]

Judgment is affirmed.

---

1. "Sec. 22. Gross Income.

"(a) General Definition—'Gross Income' includes gains, profits, and income derived from salaries, wages, or compensation for personal service, of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever * * *" 26 U.S.C. 1946 ed. § 22. Treasury Regulations 111, promulgated under the Internal Revenue Code.

"Sec. 29.22(a)–5. Gross Income From Business. In the case of a manufacturing, merchandising, or mining business, 'gross income' means the total sales, less the cost of goods sold, plus any income from investment and from incidental or outside operations or sources. In determining the gross income subtractions should not be made for depreciation, depletion, selling expenses, or losses, or for items not ordinarily used in computing the cost of goods sold. * * *"

2. George Hofferbert, Collector of Internal Revenue, v. Anderson Oldsmobile, Inc., 4 Cir., 197 F.2d 504.

3. Commissioner of Internal Revenue v. Weisman, 1 Cir., 197 F.2d 221.