## COMMISSIONER OF INTERNAL REVENUE v. GUMINSKI et al.

### No. 13903.

United States Court of Appeals,
Fifth Circuit.

July 24, 1952.

Strum, Circuit Judge, dissented.

Melva M. Graney, Hilbert P. Zarky, Lee A. Jackson, Sp. Assts. to Atty. Gen., Ellis N. Slack, Acting Asst. Atty. Gen., Mason B. Leming, Acting Chief Counsel, John M. Morawski, Special Atty., Bureau Int. Rev., Washington, D. C., for petitioner.

William P. Fonville, Dallas, Tex., for respondents.

Before HUTCHESON, Chief Judge, and RUSSELL and STRUM, Circuit Judges.

RUSSELL, Circuit Judge.

The basic question presented by this appeal is whether the taxpayers, in computing their taxable income for the year 1945, were entitled to deduct, as costs of goods sold, the portion of the cost of meat purchased which was in excess of applicable price ceilings established under the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq.

The Commissioner, by this appeal, assigned error upon the decision of the Tax Court, which held that the taxpayers were entitled to deduct the entire actual cost. This has been the uniform ruling of the Tax Court in similar cases and, so far as we are aware, of such District Courts as have considered the question. Decisions to the same effect have recently been announced by two Courts of Appeals. Commissioner of Internal Revenue v. Weisman, 1 Cir., 197 F.2d 221; Hofferbert v. Anderson Oldsmobile Company, 4 Cir., 197 F.2d 504. These two decisions lessen our labor and shorten our opinion, for we generally approve the reasoning and result pronounced in them. Upon their authority, the decision of the Tax Court is
Affirmed.

STRUM, Circuit Judge (dissenting).

With deference to the able judges, in this circuit and elsewhere, who have taken the opposite view, I am opposed to an interpretation of the tax laws which will enable a taxpayer to gain a tax advantage by violating the price stabilization laws, thus placing himself in a better position than had he obeyed the law.

The taxing authorities should not be compelled to recognize a merchandise "cost," the payment of which is expressly proscribed and denounced as a crime by federal law. "Cost," as used in Treasury Regulation 111, Sec. 29.22(a)-5, means "lawful cost."

I therefore dissent.