**Charles A. HARRIS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 451.**

United States District Court,
M. D. Georgia, Columbus Division.

Nov. 16, 1953.

Theo. J. McGee, Columbus, Ga., for plaintiff.

Frank O. Evans, U. S. Atty., Macon, Ga., Joseph H. Davis, Asst. U. S. Atty., Macon, Ga., Andrew D. Sharpe, Harlan Pomeroy, II, Sp. Assts. to Atty. Gen., for defendant.

CONGER, District Judge.

This is an action for the recovery of certain income taxes which the plaintiff alleges were illegally assessed and collected. The Commissioner of Internal Revenue, in computing profits on automobile sales, had refused to recognize as part of the cost price sums expended by the plaintiff in excess of established ceiling prices. The Government filed an answer denying liability and served upon the plaintiff certain written interrogatories. The plaintiff asked for an order to be relieved from answering the interrogatories. Requests for admissions were served upon the Government, and in time the Government answered these requests. The plaintiff then filed a motion for a summary judgment. A pre-trial conference was held. Affidavits supporting and opposing the motion for judgment were submitted by the parties. Briefs were filed.

After consideration of the case, an order is being entered relieving the plaintiff from answering the interrogatories. Moreover, an examination of the pleadings, the admissions, the affidavits and the documents filed therewith, discloses no genuine issue as to any material fact, and a summary judgment on behalf of the plaintiff will be granted.

Summary of Admitted Facts.

The following facts are clearly established by admissions of the Government:

1. The plaintiff, Charles A. Harris, in the years 1944, 1945 and 1946, operated an automobile sales agency under the name of Harris Motor Company, and for each of his fiscal years ending June 30, 1945, and June 30, 1946, filed Federal income tax returns and paid the taxes reported to be due.

2. Subsequently, after filing these returns, the plaintiff made a voluntary disclosure of possible additional tax liabilities. These additional liabilities were ascertained and reported by a certified public accountant employed by the plaintiff. Following the voluntary disclosure, an Internal Revenue Agent was assigned to make an investigation. In due time an investigation was made, which included a review of the plaintiff's tax returns, an examination of his records, an interrogation by mail and by personal interview of some of his customers, and consultations with the public accountant.

3. The Revenue Agent prepared and filed a detailed report bearing date of June 28 (27), 1948. The report set forth that the plaintiff was liable for certain additional taxes therein itemized, and stated, "the findings were discussed with Mr. Leonard (certified public accountant) and Mr. Harris", the plaintiff. Under date of July 26, 1948, the Internal Revenue Agent in Charge, Atlanta Division, forwarded to the plaintiff a copy of the Revenue Agent's report.

4. The Commissioner of Internal Revenue, acting and relying upon the report, determined the additional tax lia-

bility against the plaintiff for the two years under review, and on September 22, 1948, gave to the plaintiff a formal notice of the additional tax assessment of the sums set forth in the Revenue Agent's report. This assessment, including the penalties and interest, are itemized as follows:

|  | Additional Tax | Penalty | Interest | Total |
|---|---|---|---|---|
| For year ended June 30, 1945 | $4,329.62 | $ 216.48 | $720.79 | $ 5,266.89 |
| For year ended June 30, 1946 | 6,425.90 | 3,261.95 | 684.22 | 10,372.07 |
| Total |  |  |  | $15,638.96 |

5. In making the additional assessment, the Commissioner of Internal Revenue relied upon the correctness of the report of the examining Agent and predicated the assessment upon such report and the facts and findings therein set forth. The additional assessment, with the penalties and interest, was paid by the plaintiff, as follows:

| June 24, 1948, Check | $14,658.61 |
|---|---|
| September 22, 1948, Credit | 497.50 |
| October 1, 1948, Check | 482.85 |
| Total | $15,638.96 |

The payment of June 24, 1948 was delivered to the examining Revenue Agent.

6. As already stated, the plaintiff operated an automobile sales agency. In the course of his business he bought and sold automobiles. In certain instances he purchased cars at prices in excess of the ceilings as then established by the Office of Price Administration. In his tax returns originally filed, he reported as gross profit the difference in the amounts actually paid for the automobiles and the amounts for which they were resold.

7. The report of the examining Revenue Agent set forth that for the two years in question the sum of $8,450 had been expended by the plaintiff in excess of ceiling prices, and that this sum had been disallowed as part of the cost price of the automobiles purchased and had been assessed as additional taxable income, apportioned as follows:

| For the year ending June 30, 1945 | $3,960.00 |
|---|---|
| For the year ending June 30, 1946 | 4,490.00 |
| Total | $8,450.00 |

8. The additional assessment of taxes made by the Commissioner of Internal Revenue included other liabilities, but the plaintiff is not seeking a refund of the entire amount of the additional tax assessment which he paid, but only that portion which is attributable to the $8,450. The refund sought is hereinafter itemized.

9. Information concerning the expenditures in question was furnished the examining Revenue Agent by the certified public accountant as a part of the voluntary disclosure. The information in part consisted of an itemized statement, in which there were set forth in detail the dates upon which certain automobiles were purchased, the make and model of each car, the amounts of checks given in payment of the purchase prices, and the portion of the purchase prices paid in excess of the ceilings. This statement is copied as a part of the Revenue Agent's report under the caption, "Payments in Excess of Ceiling Prices Covered by Checks and Deduct-

ed". A copy of this statement is attached to the Plaintiff's complaint under the designation of Exhibit "A".

10. The Agent's report contains explanatory notations to the effect that these excess ceiling payments caused an addition to the plaintiff's income. The report contains statements showing the disallowance of these sums as a cost price deduction and an allocation of the amounts as additions to the net income disclosed in plaintiff's returns originally filed. The additions to plaintiff's income attributable to this source were:

| For the year ending June 30, 1945 | $3,960.00 |
|---|---|
| For the year ending June 30, 1946 | 4,490.00 |
| Total | $8,450.00 |

11. A copy of the Revenue Agent's report, admitted to be correct, was adduced at the pre-trial conference. In its answer the Government acknowledged that the additional tax assessment was based upon and made pursuant to this Revenue Agent's report, a fact also admitted at the pre-trial conference.

12. The plaintiff duly filed claims for refunds of the tax, with penalties and interest, attributable to the assessments made against the $8,450 determined by the Commissioner of Internal Revenue as additional income. The total amount of the refund sought by the plaintiff is $7,556.25, apportioned and itemized, as follows:

|  | Year ended June 30, 1945 | Year ended June 30, 1946 |
|---|---|---|
| Tax | $2,410.46 | $2,877.28 |
| Penalty | 120.52 | 1,438.64 |
| Interest | 402.06 | 307.29 |
|  | $2,933.04 | $4,623.21 |
|  |  | 2,933.04 |
| Total refund claimed |  | $7,556.25 |

13. On May 16, 1950, the Internal Revenue Agent in Charge, Atlanta Division, gave to the plaintiff a notice of a proposed reject of the claims for refunds, and thereafter the plaintiff filed a protest against the disallowance of the claims. On January 30, 1951, the Commissioner of Internal Revenue gave the plaintiff by registered mail a notice of the disallowance of the refund claims.

Contentions of the Government.

At the pre-trial conference counsel for the Government stated that the only question of fact involved in this case was whether or not the plaintiff had actually made the purchases of the automobiles listed in the Revenue Agent's report. Counsel insisted that the Revenue Agent's report was not evidence of any such purchases and that the plaintiff should be required to adduce other evidence to establish the fact that he had actually bought automobiles at excess ceiling prices, when he had bought such cars, from whom, and at what price.

This contention was the basis for urging that the plaintiff be required to respond to the interrogatories which had been served upon him. With respect to the interrogatories, counsel for the Government insisted that not only should the plaintiff be required to answer as to all of the automobiles involved in this particular action, but also should disclose whether or not there were other similar purchases.

The Government raised no question concerning the filing of appropriate claims for refunds, nor the correct com-

putations set forth in these claims. It is admitted by the Government that timely and appropriate claims for refunds were made, and that if the plaintiff is entitled to recover, the judgment should be for the amounts set forth in these refund claims.

Counsel for the Government acknowledged that under the law as now adjudicated, the plaintiff would have the right to recover if it should be established that the automobiles were actually purchased at the excess prices listed.

### Conclusions of Law.

■ 1. The objections filed by the plaintiff setting forth that he ought not to be required to answer the written interrogatories propounded by the Government are sustained. These interrogatories seek information which, under the circumstances of this case, relate to matters wholly irrelevant to the subject matter involved. A separate judgment is entered sustaining the objections of the plaintiff.

2. The substantive question involved in this case is whether an automobile dealer, in computing his net taxable income, is allowed to credit expenditures above ceiling prices which formerly prevailed. The United States Court of Appeals for the Fifth Circuit, as well an other courts, has several times decided similar questions favorable to the taxpayers. Commissioner of Internal Revenue v. Guminski, 5 Cir., 198 F.2d 265; Commissioner of Internal Revenue v. Gentry, 5 Cir., 198 F.2d 267; Commissioner of Internal Revenue v. Baum, 5 Cir., 199 F.2d 267; Hofferbert, C. I. R. v. Anderson Oldsmobile, Inc., 4 Cir., 197 F.2d 504; Commissioner of Internal Revenue v. Weisman, 1 Cir., 197 F.2d 221.

■ 3. The contentions of the Government that there is a material issue of fact as to whether or not the plaintiff purchased the listed automobiles at excess ceiling prices is without merit. The Government has admitted that there was an assessment and collection of additional tax upon the sum of $3,960 for plaintiff's fiscal year ended June 30, 1945, and upon the sum of $4,490 for the next year. It is also admitted that upon a review of the plaintiff's tax returns for the two years in question, Commissioner of Internal Revenue disallowed these amounts as a part of the purchase price of automobiles and determined that such disallowed amounts were additional income. The disallowance of these sums was predicated on the premise that the sums constituted expenditures above authorized ceiling prices. The assessment and collection of the tax on this premise is uncontroverted.

The Revenue Agent's report clearly and specifically sets forth the details upon which the additional assessment was made, including an itemization of the automobiles involved, with the amounts expended—or allegedly expended—to follow the Government's contention. The Government expressly admits that the additional assessment was based upon this Agent's report and the findings therein. It would seem that if the information contained in the report was sufficient to justify an assessment and collection of the additional tax, that same information should be sufficient to justify a refund, now that it appears the tax was illegally exacted.

4. The assessment of the additional tax, with penalties and interest, by the Commissioner of Internal Revenue, and the collection thereof, herein described, were erroneous and illegal.

■ 5. There are no genuine issues as to any material fact in this case, and a summary judgment in favor of the plaintiff should be granted. "The intention of federal rule [rule 56, 28 U.S.C.A.] relating to summary judgments is to put an end to useless and extensive litigation if there is no genuine issues as to any material fact." Creel v. Lone Star Defense Corp., 5 Cir., 171 F.2d 964.

6. The plaintiff duly filed claims for refunds in the aggregate amount of $7,556.25, heretofore itemized in the findings of fact, and in due course the Commissioner of Internal Revenue disallowed these claims. Plaintiff has commenced

this action within two years from the date of disallowance.

It should be noted that at the time the Commissioner of Internal Revenue disallowed the plaintiff's claims for refunds, there had been no adjudications by any of the United States Courts of Appeal of the question similar to that involved in this case. The Tax Court, in the case of Sullenger v. Commissioner of Internal Revenue, 11 T.C. 1076, had decided the matter favorable to a taxpayer, but the Commissioner for a long while declined to acquiesce in the Sullenger ruling. Subsequently, following repeated rulings by Courts of Appeal, the Commissioner did acquiesce.

7. The plaintiff is entitled to a judgment for $7,556.25, together with interest thereon from June 26, 1948, at the rate of 6% per annum, such interest to continue to accrue until the payment of the judgment herein rendered. A judgment will accordingly be entered.