UNITED STATES of America,
Appellant,

v.

Charles A. HARRIS, Appellee.

No. 14978.

United States Court of Appeals
Fifth Circuit.

Nov. 16, 1954.

Rehearing Denied Jan. 4, 1955.

Harlan Pomeroy, Sp. Asst. to Atty. Gen., Ellis N. Slack, H. Brian Holland, Asst. Attys. Gen., Howard P. Locke, Sp. Asst. to Atty. Gen., Frank O. Evans, U. S. Atty., Joseph H. Davis, Asst. U. S. Atty., Macon, Ga., for appellant.

Theo. J. McGee, Columbus, Ga., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

This appeal from a summary judgment for the plaintiff in a tax refund suit presents for decision: a primary question, whether the district judge erred in holding that, on the record [1] made, there was no genuine issue of fact and plaintiff was therefore entitled to sum-

1. This is the record. Brought under 26 U. S.C., § 3772 and 28 U.S.C. §§ 1346 and 1402, the suit was for the refund of $7,556.25 alleged to have been erroneously assessed against, and collected from, plaintiff as taxes, penalties and interest for the years 1944, 1945, and 1946.

The claim was: that the plaintiff, the operator of the automobile sales agency, had included in his tax returns as part of

mary judgment; and the secondary one, whether the court erred in sustaining objections of the plaintiff to interrogatories propounded by the defendant.

The United States, taking the affirmative as to both questions, is here urging that viewing the record as a whole, that is including in the view the interrogatories, the pleadings, and the affidavits, it was manifest error for the judge not to require answers to the interrogatories and even more manifest error for him to proceed to summary judgment.

■ Invoking the settled principle of law,[2] that an action to recover taxes is in the nature of an action for money had and received, and the taxpayer must show by proof that the tax was overpaid, it insists that on the record plaintiff failed to show this either as matter of law or as matter of fact.

Appellee, on his part, citing and relying on Helvering v. Taylor, 293 U.S. 507, 55 S.Ct. 287, 79 L.Ed. 623; Powell v. U. S., 9 Cir., 123 F.2d 472, Athens Roller Mills v. Commissioner, 6 Cir., 136 F.2d 125, and standing and strongly relying on the conclusions of law of the district judge,[3] insists that where as here, it is admitted that the deficiency

---

the cost of automobiles bought and sold by him amounts paid by him in excess of ceiling prices, and the deficiency had resulted from the act of the commissioner in erroneously disallowing these sums on the ground that they were not permissible legal deductions.

The United States set up no affirmative defenses and in its answer admitted that the deficiencies had been based in part as alleged by plaintiff on the disallowances as unpermissible deductions of the amounts paid in excess of the over ceiling price. It however denied generally that plaintiff had made the over ceiling payments claimed and that he was entitled to a refund.

The pleadings standing thus, the United States, on May 22, the same day its answer was filed, filed a request that the plaintiff answer interrogatories which, not confined and directed to the issue in the case, whether plaintiff had paid the over ceiling prices he claimed to have paid, sought sweeping information as to how many automobiles plaintiff had bought in the years in question and the names and addresses of all persons in any way connected with such purchases, and also as to whether the Office of Price Administration was informed of and took any action with reference thereto.

To this request the plaintiff filed objections on the grounds of immateriality and irrelevance, and that as framed they would place an unreasonable and undue burden upon him.

The plaintiff filed a request for admissions and the United States filed an original and an amended response thereto.

Whereupon plaintiff moved for a summary judgment on the pleadings and on the affidavit of his tax accountant, and the United States having filed controverting affidavits, the district judge proceeded to

to a decision of the cause in the course of which he sustained plaintiff's objections to the defendant's interrogatories, found the facts and the law with plaintiff, and entered judgment for him.

2. Routzahn v. Brown, 6 Cir., 95 F.2d 766; Lewis v. Reynolds, 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293; Stone v. White, 301 U.S. 532, 57 S.Ct. 851, 81 L.Ed. 1265; Beaumont v. Helvering, 63 App.D.C. 387, 73 F.2d 110; Roybark v. U. S., D.C., 104 F.Supp. 759; Alexander Sprunt & Son, Inc., v. Commissioner, 4 Cir., 64 F.2d 424.

3. "Conclusions of Law.

"1. The objections filed by the plaintiff setting forth that he ought not to be required to answer the written interrogatories propounded by the Government are sustained. These interrogatories seek information which, under the circumstances of this case, relate to matters wholly irrelevant to the subject matter involved. A separate judgment is entered sustaining the objections of the plaintiff.

"2. The substantive question involved in this case is whether an automobile dealer, in computing his net taxable income, is allowed to credit expenditures above ceiling prices which formerly prevailed. The United States Court of Appeals for the Fifth Circuit, as well as other courts, has several times decided similar questions favorable to the taxpayers. Commissioner of Internal Revenue v. Guminski, 5 Cir., 198 F.2d 265; C. I. R. v. Gentry, 5 Cir., 198 F.2d 267; C. I. R. v. Baum, 199 F.2d 267; Hofferbert, C. I. R. v. Anderson Oldsmobile, 4 Cir., 197 F.2d 504; C. I. R. v. Weisman, 1 Cir., 197 F.2d 221.

"3. The contentions of the Government that there is a material issue of fact as to whether or not the plaintiff purchased the listed automobiles at excess ceiling

assessment was based upon the acceptance by the commissioner of the agent's report as to the facts and the commissioner's erroneous conclusion as to the law, it ought to be held that the district judge was right when he said, "It did seem that if the information contained in the report was sufficient to justify an assessment and collection of the additional tax, that the same information should be sufficient to justify a refund now that it appears the tax was illegally collected."

■ We cannot agree with the appellee's view. This is not because the district judge would not have been right if what he assumed, "Now that it appears that the tax was illegally collected", had in law and in fact been so. The difficulty with appellee and the district judge lies just here: that the United States in its answer denied that the over ceiling prices had actually been paid; that plaintiff offered no proof of any kind that they had been; and that plaintiff did not by his own affidavit or in any other way, nor did the United States by omissions from its controverting affidavits, furnish any basis for the court's conclusion that it had been made to appear as matter of law that the tax had been illegally exacted. This basis lacking, it was error to enter a summary judgment for plaintiff.

■ It remains only, in view of another trial, to deal briefly with the secondary ground of error, the action of the court in sustaining plaintiff's objection to the interrogatories, by saying that in view of the issues actually joined and the absence of affirmative defenses, the district judge was right in his view that the interrogatories were irrelevant and immaterial, and their answering would place upon the plaintiff a useless and unnecessary burden.

This is not to say, though, that inquiries as to whether plaintiff had in fact paid the over ceiling prices in respect of the automobiles shown in the agent's report and claimed by plaintiff to have been bought at over ceiling prices, would not have been material.

The judgment is reversed and the cause is remanded for further and not inconsistent proceedings.

---

prices is without merit. The Government has admitted that there was an assessment and collection of additional tax upon the sum of $3,960.00 for plaintiff's fiscal year ended June 30, 1945, and upon the sum of $4,490.00 for the next year. It is also admitted that upon a review of the plaintiff's tax returns for the two years in question Commissioner of Internal Revenue disallowed these amounts as a part of the purchase price of automobiles and determined that such disallowed amounts were *additional income*. The disallowance of these sums was predicated on the premise that the sums constituted expenditures above authorized ceiling prices. The assessment and collection of the tax on this premise is uncontroverted.

"The Revenue Agent's report clearly and specifically sets forth the details upon which the additional assessment was made, including an itemization of the automobiles involved, with the amounts expended—or allegedly expended, to follow the Government's contention. The Government expressly admits that the additional assessment was based upon this Agent's report and the findings therein. It would seem that if the information contained in the report was sufficient to justify an assessment and collection of the additional tax, that same information *should be sufficient to justify a refund*, now that it appears the tax was illegally exacted.

"4. The assessment of the additional tax, with penalties and interests, by the Commissioner of Internal Revenue, and the collection, thereof, herein described were erroneous and illegal. * * * "