**Rose Ella ROYBARK, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**Norman ROYBARK, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

Nos. 13571, 13572.

United States Court of Appeals,
Ninth Circuit.

Dec. 20, 1954.

Rehearing Denied Feb. 23, 1955.

William Strong, Beverly Hills, Cal., Irving S. Baltimore, Los Angeles, Cal., for appellant.

H. Brian Holland, Asst. Atty. Gen., Harry Marselli, Ellis N. Slack, Helen Goodner, Alonzo W. Watson, Jr., Sp. Assts. to Atty. Gen., Laughlin E. Waters, U. S. Atty., E. H. Mitchell, Edward R. McHale, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before STEPHENS and FEE, Circuit Judges, and LING, District Judge.

LING, District Judge.

In these consolidated cases, appellants, husband and wife brought suit to recover deficiency assessments levied against them for the years 1945 and 1946. During the years involved appellant Norman Roybark was a used car dealer. After income tax returns for said years had been filed, the Government learning that Mr. Roybark had bought and sold automobiles for amounts in excess of the maximum ceiling schedule, investigated his affairs. Records were made available by appellants which showed cars bought and sold, however, such records reflected only legal ceiling prices. Information concerning over ceiling receipts and disbursements had been kept separately, but such records were not produced. In this situation the agent estimated the amount paid for automobiles in excess of ceiling prices. Deficiency assessments were made on these amounts, based on the now discarded theory that the amounts so paid were not allowable as cost in determining the cost of sales.[1]

Appellants contended in the lower court, as they do here, that the burden of proof to justify retention of the taxes on any theory other than that upon which the assessment was made, was on the Government. Helvering v. Taylor, 293 U.S. 507, 55 S.Ct. 287, 79 L.Ed. 623; Powell v. U. S., 9 Cir., 123 F.2d 472; Athens Roller Mills v. Commissioner, 6 Cir., 136 F.2d 125. The District Judge disagreeing with appellants, and, on detailed findings of fact and conclusions of law,[2] and a judgment based thereon, de-

---

1. Hofferbert v. Anderson Oldsmobile, Inc., 4 Cir., 197 F.2d 504; Jones v. Herber, 10 Cir., 198 F.2d 544; Commissioner of Internal Revenue v. Guminski, 5 Cir., 198 F.2d 265; Commissioner of Internal Revenue v. Weisman, 1 Cir., 197 F.2d 221; Sullenger v. Commissioner, 11 T.C. 1076.

2. The findings of fact and conclusions of law are alike in both cases, and in pertinent part are as follows:

nied their prayers for relief. 104 F. Supp. 759.

■ The Government argues that an action to recover taxes is in the nature of an action for money had and received, and the taxpayer must show the tax was over-paid. The principle relied on by the Government appears to be settled law.[3]

■ Appellants, in the lower court, offered no proof whatever. Whether they over-paid their taxes for the years in question is problematical. They may in fact have paid less than they actually owed. In any event it was in their power, had their records truly reflected all aspects of their financial affairs, to have set the matter at rest. In this situation they cannot now be heard to say that a rule is harsh, which was invoked only because of their own dereliction.[4]

Affirmed.

"Findings of fact

"The plaintiff has failed to sustain his burden of proof that the defendant erroneously, illegally or improperly is retaining moneys which in equity and good conscience should be returned to plaintiff.

"The income tax returns filed by plaintiff for the years 1945 and 1946 were not accurate. Plaintiff did not include any of the black-market profit in his 1945 return. The 1946 return included not only 'legitimate' income for that year, but also black-market profit for both 1945 and 1946.

"Plaintiff's income tax return for 1945 did not report the true receipts from sales for 1945.

"Plaintiff's income tax return for 1946 did not report the true receipts from sales for 1946.

"The plaintiff's income tax return for 1945 did not report the true cost of sales for the year 1945.

"The plaintiff's income tax return for 1946 did not report the true cost of sales for the year 1946.

"The plaintiff's income tax return for 1945 did not report the true net profit from sales for 1945.

"The plaintiff's income tax return for 1946 did not report the true net profit from sales for 1946.

"Plaintiff presented no accurate figures reflecting the true business income or cost of sales for the years 1945 or 1946.

"Norman Roybark, as owner of his automobile business, failed to record in the

books and records of his business the actual amounts received from the sales of automobiles and the actual amounts paid for automobiles purchased during the years 1945 and 1946.

"Plaintiff has failed to establish that he has overpaid his taxes in either the year 1945 or 1946, or, if so, the amount thereof.

"Conclusions of law

"Plaintiff has failed to establish that the defendant improperly, erroneously or illegally holds moneys due the plaintiff.

"The plaintiff has failed to sustain his burden of proof.

"A suit for refund of taxes is governed by equitable principles and the plaintiff has failed to establish the essential facts from which a correct determination of his tax liability can be made.

"Plaintiff cannot show the exact amount to which he is entitled or that he is entitled to any amount.

"Defendant is entitled to judgment that the plaintiff take nothing, and for its costs."

3. Lewis v. Reynolds, 284 U.S. 281, 52 S. Ct. 145, 76 L.Ed. 293; Stone v. White, 301 U.S. 532, 57 S.Ct. 851, 81 L.Ed. 1265; Beaumont v. Helvering, 63 App.D.C. 387, 73 F.2d 110; Routzahn v. Brown, 6 Cir., 95 F.2d 766; Alexander Sprunt & Son v. Commissioner, 4 Cir., 64 F.2d 424; U. S. v. Harris, 5 Cir., 216 F.2d 690.

4. Maroosis v. Smyth, 9 Cir., 187 F.2d 228.