Marcel C. SCHWARZ, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 5049.

United States District Court E. D. Wisconsin.

March 2, 1956.

Leo J. Federer, Milwaukee, Wis., for plaintiff.

Edward G. Minor, U. S. Atty., by Arnold W. F. Langner, Jr., Asst. U. S. Atty., Milwaukee, Wis., for defendant.

GRUBB, District Judge.

This action is for a refund of income taxes allegedly collected erroneously and illegally when the Commissioner disallowed deductions claimed for the year 1945 in the amount of $16,108.44 alleged by the plaintiff to represent "the excess over O.P.A. prices paid by the plaintiff for merchandise sold and constituting a part of plaintiff's cost of merchandise sold." The answer of the government denies the plaintiff's material allegations that the adjustment in determining plaintiff's tax liability for the year 1945 which consisted of increasing taxable income in the amount of $16,108.44 was a disallowance of overceiling price payments constituting a part of plaintiff's cost of merchandise sold and puts that fact in issue.

Whether the plaintiff in fact made such overceiling price payments as a part of cost of goods sold which were taken as deductions in the plaintiff's 1945 return is the only issue in this case.

At the time the agent's report was made it was believed that the law did not allow a deduction for over O.P.A. price cost payments. Therefore, if the payment were made, it was disallowable as such, and if it were not made, it was disallowable as a fiction. The stipulation of facts entered into by the parties on July 16, 1954, and filed September 7, 1954, and the report of the internal revenue agent in April, 1947, in Exhibit "B" of the stipulation do not conclusively establish the fact in issue. This inconclusiveness of the stipulation upon the single factual issue in this case was determined by the order entered by Judge Robert E. Tehan on November 29, 1954, denying plaintiff's motion for summary judgment:

"* * * the Court * * * being of the opinion that there is a genuine issue of material fact, it is ordered * * * etc."

The plaintiff urges the admissibility of an affidavit of one G. J. Jonasson marked "Plaintiff's Exhibit No. 1" for identification to the effect that plaintiff made the overceiling price payments as claimed either to Jonasson or at his direction. The grounds plaintiff urges for this affidavit's admission is that it is "an important exception to the hearsay rule" in that it is a declaration against the interest of the declarant who is neither a party nor in privity with a party to this action, but is relevant, and the declarant is "not available as a witness." Relying on Dillenberg v. Carroll, 1951, 259 Wis. 417, 49 N.W.2d 444.

It is this Court's opinion that there is no part of this record establishing that the declaration is in any way against the interest of the declarant. It cannot be said he has precluded himself of collecting from the plaintiff the overceiling prices charged since any such agreement would have been illegal and unenforceable. Neither is there any indication in the record that the declarant would subject himself to prosecution were he to bring himself into the jurisdiction of this Court. Nothing in this record shows it against his interest. In any event, the Court is not impressed with the conclusiveness of this affidavit. Affiant has not subjected himself to cross-examination. The affidavit sets forth no details but merely a conclusion of the affiant.

 The testimony shows that at the time of the investigation by the Canadian authorities with respect to Jonasson's Canadian tax liability in July of 1945, all checks and invoices up to a couple of months prior to that investigation had already been destroyed. At the time of the investigation of revenue agent Heinrich in March–April, 1947, only the general ledger and subsidiary journals were available. There were no cancelled checks, invoices or supporting data. Plaintiff's testimony does not show the amount of fish purchased or the rate per pound over the ceiling. There is nothing to establish that the ledger account was, in fact, for that purpose other than plaintiff's conclusion or unsupported testimony. The extremely unorthodox fashion in which the payments were allegedly made fails to satisfy the Court that plaintiff has discharged his burden of proof with "satisfactorily detailed" evidence. See In re Ward, D.C. 1955, 131 F.Supp. 387. Plaintiff could have met his burden of proof through books and records showing in detail when the payments were made, how they were computed and by keeping supporting data. Roybark v. United States, D.C. 1952, 104 F.Supp. 759. Taxpayers are required to keep adequate records to support their claims and fail to do so at their peril.

At the time of the investigation and report of the revenue agent it was his then belief that overceiling prices paid for merchandise under the ruling then relied upon were not deductible for income tax purposes. Therefore, he had no motive to check in detail as to whether such payments had, in fact, been made for such purpose. Had he so desired to make such a check, the supporting data was unavailable and had been destroyed by plaintiff. For the foregoing reasons, the Court is of the opinion that plaintiff has failed to meet his burden of proof.

Counsel for the defendant is directed to prepare proposed findings of fact and conclusions of law and proposed judgment in accord with this opinion, submitting them to counsel for the plaintiff for approval as to form only. Counsel for plaintiff is to promptly notify the Court of any objections as to the form of the proposed findings and judgment.