37 F.3d 1494
 74 A.F.T.R.2d 94-6640
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Tommy KILGORE; Helen Kilgore, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-2243.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 29, 1994.
Decided October 18, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap. Samuel G. Wilson, District Judge. (CA-92-64-B)
 Joseph H. Roberts, Wise, VA, for appellants.
 Robert P. Crouch, Jr., U.S. Atty., Michael L. Paup, Acting Asst. Atty. Gen., Gary R. Allen, Ann B. Durney, Billie L. Crowe, Tax Division, United States Department of Justice, Washington, D.C., for appellee.
 W.D.Va.
 AFFIRMED.
 Before HALL, WILKINSON, and MICHAEL, Circuit Judges.
 
 OPINION
 PER CURIAM
 
 1
 Appellants, Tommy and Helen Kilgore,* appeal from the district court's order finding that they failed to produce sufficient evidence from which the correct amount of taxes owed could be calculated and denying their petition for a refund of taxes. We affirm.
 
 
 2
 In a tax refund suit, a deficiency assessment by the Commissioner of Internal Revenue is presumed to be correct, see Helvering v. Taylor, 293 U.S. 507, 515 (1935), and the taxpayer must overcome this presumption by a preponderance of the evidence. See United States v. Janis, 428 U.S. 433, 440 (1976). The taxpayer must also prove the exact amount of the refund to which he is entitled. Id. at 440; Compton v. United States, 334 F.2d 212, 216 (4th Cir.1964).
 
 
 3
 Appellants presented evidence that in 1976, the Internal Revenue Service did not disallow deductions in excess of their investment in two partnerships. These deductions resulted in Appellants having capital account balances on the partnership books of -$26,022.40 and -$90,031.54.
 
 
 4
 Appellants received 1987 Schedules K-1 from the partnerships reflecting $26,022.40 and $90,031.54 as their distributive share of the partnerships' income for 1987. On their amended 1987 return, Appellants reported the amounts of $26,022.40 and $90,031.54, and, on Form 8082 ("Notice of Inconsistent Treatment or Amended Return") they provided an explanation that the amounts reported on the Schedules K-1 were not income because they reflected bookkeeping adjustments to the negative capital accounts on the partnerships' books.
 
 
 5
 Appellants claimed that the losses deducted in 1976 in excess of their "at risk" investment could not be recaptured in 1987, but rather would have to be adjusted in 1976, for which the statute of limitations had run.
 
 
 6
 The Internal Revenue Service audited Appellants' 1987 tax return and added $26,022 additional income from one partnership and $90,032 additional income from the other partnership. After paying the resulting tax deficiency of $44,315 and interest in the amount of $10,368.71, Appellants filed a claim for a refund of $44,315. After six months, with no response from the Internal Revenue Service, Appellants filed a complaint in the district court claiming that they were owed a refund of taxes in the amount of $44,315, and interest in the amount of $10,368.71.
 
 
 7
 Appellant, Tommy Kilgore, testified that in 1987, he did not owe any money to the partnerships, was not liable on any partnership debts, and did not receive money or anything of economic substance from the partnerships. He testified that the Schedules K-1 were the only documents received from the partnerships for tax year 1987, they were the only documents given to his accountant regarding the partnerships, and they were the only documents provided to the Internal Revenue Service during the audit of Appellants' 1987 return.
 
 
 8
 The Commissioner's assessment of the additional taxes owed by Appellants for 1987, in addition to being presumed correct, was supported by the Schedules K-1 which reported that Appellants' distributive shares of income from the two partnerships as $26,022.40 and $90,031.54. To meet their burden of proof, Appellants were required to prove that the amounts reflected on the Schedules K-1 as their distributive share were erroneous and that no part of the amounts listed constituted taxable income.
 
 
 9
 While Tommy Kilgore testified that he did not receive any money or anything of economic substance from the partnerships in 1987, the district court found this testimony self-serving, conclusory, and of little significance. To the extent that this is a credibility determination, it is entitled to substantial deference. Cebollero v. Commissioner, 967 F.2d 986, 992 (4th Cir.1992). Moreover, whether Kilgore actually received anything of value during 1987 is not determinative of whether the amount listed on the Schedules K-1 was income. See 26 U.S.C. Secs. 701, 702(a); United States v. Basye, 410 U.S. 441, 454-55 (1973) (distributive share of partnership income taxable to partner whether or not distributed).
 
 
 10
 Appellants must show that the assessment is not supportable under any theory. See United States v. Harris, 216 F.2d 690, 692 (5th Cir.1954). We find that they failed to satisfy this burden. Appellants presented evidence and the government conceded that the revenue agent assessed the deficiency under an erroneous and now discarded theory; however, Appellants failed to show that the assessment was not supported by any theory. Id. Appellants rested their case on the Internal Revenue Service's error and failed to offer any proof that the amounts on the Schedules K-1 did not constitute income. They merely alleged that the amounts reflected adjustments to their previously negative capital accounts. Appellants failed to present testimony by general partners of the partnerships, failed to produce the partnerships' books explaining the amounts on the Schedules K-1, and failed to present evidence from which the proper amount of taxes due could be calculated. We find that Appellants failed to sustain their burden of proving their entitlement to a refund.
 
 
 11
 We affirm the order of the district court denying Appellants' claim for a refund. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 The dispute addressed in this appeal concerns Tommy Kilgore's investment in two partnerships. Helen Kilgore is a party to the appeal by reason of having filed joint tax returns with her husband, Tommy