DOUGLAS v. COMMISSIONER OF INTERNAL REVENUE.

COMMISSIONER OF INTERNAL REVENUE v. DOUGLAS.

ROBINSON'S ESTATE et al. v. COMMISSIONER OF INTERNAL REVENUE.

DALRYMPLE v. SAME.

Nos. 12461–12464.

Circuit Court of Appeals, Eighth Circuit.

April 7, 1943.

Kimball B. DeVoy, of Minneapolis, Minn. (James E. O'Brien, of Minneapolis, Minn, on the brief), for taxpayers.

Louise Foster, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and A. F. Prescott, Sp. Assts. to Atty. Gen., on the brief), for Commissioner of Internal Revenue.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

These appeals of three taxpayers from a decision (46 B.T.A. 943) of the United States Board of Tax Appeals, now the United States Tax Court, and a cross appeal of the Commissioner, present two problems for determination: (1) Whether Article 23(m)—10(c) of Treasury Regulations 94 promulgated under the Revenue Act of 1936 is valid; and (2) if the regulation is valid, may the taxpayer in the taxable year exclude a depletion deduction taken in a former year when no tax benefit resulted from the deduction in the earlier year?

Both these problems have heretofore been determined by this court. In a similar case, Lamont v. Commissioner, 8 Cir., 120 F.2d 996, the court held the regulation to be valid, and in Harwick v. Commissioner, 8 Cir., 133 F.2d 732, the tax benefit theory was held to be invalid. Since the taxpayers contend that these cases are distinguishable from the Lamont case, supra, it will be necessary to examine the facts and the issues.

On July 1, 1929, four owners of an iron mine in Minnesota leased it to an operating company for a term of 30 years. The lease provided for the payment of minimum royalties annually whether ore was extracted or not. Royalties paid in advance of extraction were to be applied on ore mined later. The lessee was given the right to cancel the lease; and this right was exercised and the lease terminated July 1, 1937, without any ore having been removed from the mine during the existence of the lease.

While the lease was in force the agreed royalties were paid to the lessors or their successors and returned by them as gross income in the years received. In the same years deductions for depletion were taken and allowed. For 1937, the year in which the lease was terminated, the Commissioner, pursuant to the provisions of paragraph

(c) of Article 23(m)—10 of Regulations 94, promulgated under the Revenue Act of 1936, included in the gross income of the several taxpayers sums corresponding to the aggregate amounts of the deductions taken by each of them, or of their transferors, during the years the lease was in force from 1929 to 1937.

The case of the taxpayer Douglas differs from the others in that, although she took and was allowed a depletion deduction for the year 1933 in the amount of $4,958.05, her net loss for that year before taking the deduction was $8,989.46. This situation gives rise to the second question presented for decision.

Upon appeal to the Board of Tax Appeals the Commissioner's action in including in taxable income for 1937 amounts equivalent to the depletion deductions taken and allowed in prior years was sustained in all of the cases involved except as to the $4,958.05 in the Douglas case. In respect of this item the Commissioner was reversed on the ground that the deduction in 1933 did not offset a taxable income, that is, that the taxpayer received no tax benefit from the deduction.

The contention of all the taxpayers in this court is that the Board erred in sustaining the action of the Commissioner in including sums corresponding to the aggregate depletion deductions of prior years in taxable income of 1937. The taxpayers insist that the regulation, which with the statute is copied in the margin,[1] is invalid because (1) unreasonable and (2) in conflict with the statute.

The taxpayers' charge of invalidity is directed against the last phrase of paragraph (c) of Article 23(m)—10 of Regulations 94. This paragraph provides that if depletion deductions are allowed for advance royalties and no production occurs during the life of the lease, "the lessor shall adjust his capital account by restoring thereto the depletion deductions made in prior years on account of royalties of mineral paid for but not removed, and a corresponding amount must be returned as income *for the year in which the lease expires, terminates, or is abandoned.*" (Italics supplied.)

The taxpayers' only "essential quarrel" is with the phrase printed in italics, although the validity of all of paragraph (c) is questioned. The objection to the regulation is based upon the claim (1) that it requires income received in one year to be included in the income of a later year in which it was not received; (2) that it cumulates income received in each of a series of years and taxes it as if received in one year; and (3) that the regulation thus imposes a penalty upon the taxpayer, is harsh and unreasonable, lacks common sense justification, is vicious in its results, is not equitable, and violates the statute.

Section 23(m) of the Revenue Act of 1936, supra, has been in the law continuously in substantially similar form beginning with the Revenue Act of 1918; and Article 23(m)—10(c) of Regulations 94 had its beginning in Regulations 45 under the Act of 1918 and has existed in the regulations ever since. It was approved in effect

---

[1] Section 23 of the Revenue Act of 1936 c. 690, 49 Stat. 1648, 26 U.S.C.A. Int. Rev.Code § 23(m) provides:

"In computing net income there shall be allowed as deductions:

\* \* \* \* \*

"(m) Depletion. In the case of mines, \* \* \* a reasonable allowance for depletion \* \* \*; such reasonable allowance in all cases to be made under rules and regulations to be prescribed by the Commissioner, with the approval of the Secretary. \* \* \*"

Treasury Regulations 94, promulgated under the Revenue Act of 1936:

"Art. 23(m)—10. Depletion—Adjustments of accounts based on bonus or advanced royalty.— \* \* \*

"(b) If the owner has leased a mineral property for a term of years with a requirement in the lease that the lessee shall \* \* \* pay, annually, a specified sum of money which shall be applied in payment of the \* \* \* royalty per unit of such mineral whenever the same shall thereafter be extracted and removed from the leased premises, an amount equal to that part of the basis for depletion allocable to the number of units so paid for in advance of extraction will constitute an allowable deduction from the gross income of the year in which such payment or payments shall be made. \* \* \*

"(c) If for any reason any such mineral lease expires or terminates or is abandoned before the mineral which has been paid for in advance has been extracted and removed, the lessor shall adjust his capital account by restoring thereto the depletion deductions made in prior years on account of royalties on mineral paid for but not removed, and a corresponding amount must be returned as income for the year in which the lease expires, terminates, or is abandoned."

by the Supreme Court in Murphy Oil Co. v. Burnet, 287 U.S. 299, 53 S.Ct. 161, 77 L.Ed. 318. But in Herring v. Commissioner, 293 U.S. 322, 328, 55 S.Ct. 179, 181, 79 L.Ed. 389, decided after the Murphy Oil Co. case, the court said: "As to income tax liability in the year of termination of the lease, on account of bonus paid at the execution of the lease, if no mineral has been extracted, we express no opinion." Because of this expression of the Supreme Court, the taxpayers contend that the validity of the regulation is an open question. Congress, however, has shown its approval of the regulation by the repeated reenactment of the statute without any change in the regulation. Burnet v. Thompson Oil & Gas Co., 283 U.S. 301, 307, 308, 51 S.Ct. 418, 75 L.Ed. 1049. Its validity has been sustained by this court in Lamont v. Commissioner, supra; and by the 5th Circuit Court of Appeals in Sneed v. Commissioner, 5 Cir., 119 F.2d 767, and Crabb v. Commissioner, 5 Cir., 119 F.2d 772.

The contention that the regulation requires income in one year to be included in the income of a later year in which it was not received, thus cumulating income for a series of years, is erroneous. Depletion deductions are allowed on the theory that depletion represents the cost of a wasting capital asset. United States v. Ludey, 274 U.S. 295, 302, 47 S.Ct. 608, 71 L.Ed. 1054. When claimed and allowed depletion is treated and regarded as a reduction, or loss, of capital. When a mining lease is terminated without production the amounts allowed as deductions for such assumed capital losses resulting from advance payments in prior years may for the first time be regarded as income. Until then the depletion deduction is carried on the books of the taxpayer as a capital loss; and, as between the taxpayer and the Commissioner, it retains that status until it is determined upon expiration of the lease that the mineral paid for in advance was not removed from the mine. The status of the depletion deduction then, and not until then, changes from capital loss to income both on the books of the lessor-taxpayer and for tax purposes. This is the condition upon which the deduction is allowed. In the present case the same regulation being in effect during each year the lease was in effect, and in which year the deduction was claimed and allowed, the rule applies to the allowance in each year severally. While the total amount returned as income in 1937 corresponded to the aggregate amount of the deductions in prior years, it was not the deductions which were returned as income. It was only an equal amount. None of the several amounts returned was regarded as income in the prior years. They could not be so regarded prior to 1937.

Depletion allowed as a deduction in such a case is analogous to a deduction properly taken for a reserve for some specific purpose where it is afterwards discovered that more was reserved and deducted than necessary in one year, and the excess having been restored to the original account on the books of the taxpayer was released for general use in a later year. The amount so released must be added to income in the year when made available as income. See Maryland Casualty Co. v. United States, 251 U.S. 342, 352, 40 S.Ct. 155, 64 L.Ed. 297. A regulation requiring such procedure is neither unreasonable nor violative of any statute. The fact that in particular cases the application of the regulation may cumulate amounts corresponding to depletion deductions allowed in several previous years does not affect the logic nor the validity of the procedure. The same rule applies to deductions for depreciation. Further illustrations of the application of the principle of the regulation are given in the opinion of the court in Sneed v. Commissioner, supra, 119 F.2d at page 771.

The complaint that the regulation is harsh and imposes a penalty upon the taxpayer was presented to the Board and overruled. The Board observed that the hardship complained of does not result entirely from the regulation but results in part from the fact that the income tax rates were increased over the period 1929 to 1937, and the depletion deductions were taken in years in which the incomes of the taxpayers were at comparatively low levels. Had the situation been reversed, a saving in taxes instead of a loss might have resulted from cumulating the amounts of the prior deductions in 1937. There would have been a saving had the tax rate been substantially lower in 1937 than in the former years and the incomes of the taxpayers substantially greater in those years than in 1937. A tax law is not required to operate uniformly upon all taxpayers and according to the peculiar and fortuitous circumstances of each one. Geographic, not intrinsic, uniformity is all that is required. Bromley v. McCaughn, 280 U.S. 124, 50 S.Ct. 46, 74 L.Ed. 226; Brushaber v. Union Pacific R. Co., 240 U.S. 1, 36 S.Ct. 236, 60

L.Ed. 493, L.R.A. 1917D, 414, Ann.Cas. 1917B, 713.

█ We hold that the regulation complained of is valid, and that the Board correctly so found.

The Commissioner contends that the Board erred in excluding from taxation in 1937 the sum of $4,958.05 deducted by Mrs. Douglas as depletion in 1933 on the ground that she had sustained a net loss in that year and for that reason had received no tax benefit on account of the deduction.

The principle upon which the tax benefit theory rests is that where the depletion deduction claimed and allowed in the prior year did not effect an offset of taxable income in that year, the amount released by restoring to the capital account the cost of the ore paid for but not removed in a later year does not constitute taxable income for the year in which it was released. If valid, the principle is applicable to the recovery of capital in any taxable year, the loss of which was charged off and for which a deduction was claimed and allowed in a prior year.

Since the Board's decision was rendered in the case of Mrs. Douglas, this court has rejected the tax benefit theory in Harwick v. Commissioner, 8 Cir., 133 F.2d 732. It has also been rejected by the 4th Circuit Court of Appeals in Helvering v. State-Planters Bank & Trust Co., 130 F.2d 44, and in Helvering v. Virginian Hotel Corporation, 132 F.2d 909.

█ The grounds upon which this court rejects the principle applied by the Board are: (1) That it is not in accordance with law, making it our duty to reverse under the statute. 26 U.S.C.A. Int. Rev.Code § 1141(c) (1). The principle under consideration is not found in the statute nor any of the regulations, and it injects into the law of deductions an equitable consideration contrary to the strict construction required to be placed upon statutes allowing deductions. Deputy v. Dupont, 308 U.S. 488, 493, 60 S.Ct. 363, 84 L. Ed. 416; Harwick v. Commissioner, supra. (2) The taxpayer is given an option to take or not to take a deduction for depletion. If he takes and is allowed a deduction he takes it subject to the conditions prescribed by the law in effect in the year of allowance. In the instant case Article 23(m)— 10(c) of Regulations 94 was in effect in 1933 when Mrs. Douglas took and was allowed the deduction involved in this con-

troversy. Since the regulation was valid, it had the force and effect of law. Maryland Casualty Co. v. United States, supra, 251 U.S. at page 349, 40 S.Ct. 155, 64 L.Ed. 297. The allowance of the deduction was therefore subject to the condition prescribed by the regulation, that is, that in the event no ore was mined during the continuance of the lease an amount corresponding to the amount of the deduction would be included in income in the year of the termination of the lease. The regulation involved does not exempt such income from deductions for losses occurring in the taxable year. It is consistent with the rule that under the federal system of taxation income must be computed annually as the net result of all transactions within the year. Burnet v. Sanford & Brooks Co., 282 U.S. 359, 365, 51 S.Ct. 150, 75 L.Ed. 383.

For the foregoing reasons the cases are all affirmed on the petitions of the taxpayers, and No. 12,462, Commissioner v. Douglas, is reversed on the petition of the Commissioner.