## COMMISSIONER OF INTERNAL REVENUE v. SEELIGSON.

### No. 10788.

Circuit Court of Appeals, Fifth Circuit.

March 10, 1944.

Ray A. Brown, Sewall Key, and J. Louis Monarch, Sp. Assts. to the Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and C. R. Marshall, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for petitioner.

Gordon Hall, of Dallas, Tex., for respondent.

Warren Scarborough and R. B. Cannon, both of Fort Worth, Tex., for respondent as amicus curiae.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

SIBLEY, Circuit Judge.

The respondent's testatrix, Mrs. Seeligson, was in 1937 and 1938 a member of a partnership which in those years made oil leases in Texas on which bonuses were included as income in her tax returns, but against them she claimed and was allowed depletion deductions of 27½ per cent. She died May 21, 1939. No leases at that date had terminated, expired or been abandoned, and no production had been obtained. Her rights under the leases passed to her estate. The Commissioner restored to income as of the date of her death the sums previously allowed for depletion, on the ground that no depletion had occurred, or could occur as to her, since she no longer had any interest in the oil reserve.

On redetermining the tax, the Tax Court held that Regulations 103, Sec. 19.23, which was of force in 1939, authorized a return of such deductions to income only when a lease has expired, terminated or been abandoned. Similar regulations were of force in 1937 and 1938. We are asked to reverse that holding.

We examined carefully the basis for making oil depletion deductions from income, and the validity of the regulations

providing for correction of the allowances against bonus payments when no production was gotten, in Sneed v. Commissioner, 119 F.2d 767, 770.[1] We said: "The deduction * * * from a bonus received never represents an actual but always an anticipated depletion. If the anticipated depletion does not occur and it becomes certain it never will, it then becomes plain that what was thus deducted is not a return of capital, but gain like the remainder of the bonus paid. An adjustment is due. Should it be made by reopening the tax settlement for the year the bonus was received and the deduction taken? That would be most logical and accurate. But the limitation statutes, which would prevent it in this case, do not provide for it, and administrative convenience is against it." Because such deductions are, by the statutes which allow them, expressly "in all cases to be made under rules and regulations to be prescribed by the Commissioner, with the approval of the Secretary"[2] we upheld the longstanding regulation which requires restoration "as income for the year in which the lease expires, terminates or is abandoned." These are the words of Regulations 94, Art. 23(m) 10(c), of force when the deductions here in question were taken and allowed. They express a condition on which the depletion deductions were permitted, and neither the taxpayers nor the Commissioner ought to be heard to object. These leases have neither expired, terminated, nor been abandoned. The death of one of the leasing partners had no such effect upon them. Production may yet occur on all of them, whereby the previously allowed deductions would be fully confirmed. It would be a strange thing to revoke the deductions as to the deceased partner, and allow the very same deductions to stand as to the living partners. It may be true that, if there be no production or abandonment till the expiration of the leases, it will then be difficult to assess a tax against this deceased taxpayer. That is not a matter now before us, and may require for its relief amendment of statute or regulations. We agree with the Tax Court that at present there is neither law nor regulation to justify the return of these deductions to income in 1939 because the lessor then died before production occurred under the leases.

Affirmed.

---

[1] A like conclusion was reached in the Eighth Circuit in Lamont v. Commissioner, 120 F.2d 996, and Douglas v. Commissioner, 134 F.2d 762.

[2] Internal Revenue Code, § 23(m), 26 U.S.C.A. Int.Rev.Code, § 23(m).