**Robert W. LADEHOFF, Plaintiff,**

v.

**The UNITED STATES of America, Defendant.**

**Civ. No. 02409.**

United States District Court
D. Nebraska.

Aug. 30, 1966.

William G. Line, of Kerrigan, Line & Martin, Fremont, Neb., for plaintiff.

Jerome Fink, Edward O. C. Ord, Washington, D. C., and Theodore L. Richling, U. S. Atty., for defendant.

## MEMORANDUM

ROBINSON, Chief Judge.

This is an action for the recovery of excise taxes assessed by the Internal Revenue Service and paid by the plaintiff, Robert W. Ladehoff. The refund requested includes $2,356.35, the amount paid to the Internal Revenue Service on January 4, 1965 for excise taxes, penalties, and interest; and statutory interest thereon from the date of payment. The assessment was on the diesel fuel purchased by plaintiff from Socony Mobil Oil Company, Inc. during the period from January 1, 1959 to June 30, 1964. The jurisdiction of this Court has been invoked under 28 U.S.C. § 1346[a] [1].

The taxes were assessed pursuant to the provisions of the Internal Revenue Code of 1954, § 4041, 26 U.S.C. § 4041 1964 ed.] which impose a 4 cents a gallon tax on all diesel fuel sold for use, or used in a diesel-powered highway vehicle. Basically, section 4041 provides for alternative liability; if the seller of the fuel does not pay the tax, the user must. [This section also specifically excepts fuel sold for use or used for farming purposes]. The allocation of this alternative tax liability is provided in 26 C.F.R. § 48.4041–4, and the questions presented by this case call for an interpretation of that regulation.

"§ 48.4041–4. *Sales of diesel and special motor fuel; rules of general application.*

[a] *Taxability of liquid delivered into purchasers' tanks.*

The sale of diesel fuel to an owner, lessee, or other operator of a diesel-powered highway vehicle, or of special motor fuel to an owner, lessee, or other operator of a motor vehicle, motorboat, or airplane shall be considered a taxable sale of such liquid [1] if the liquid is delivered by the seller into the fuel supply tank of the vehicle, motorboat, or airplane, or [2] where not so delivered, the purchaser indicates in writing to the seller prior to the time of the sale that the entire quantity of the liquid covered by the sale is for use by him for a taxable purpose as a fuel in such a vehicle, motorboat, or airplane. If such a written statement is not furnished by the purchaser, he shall be liable

for the tax at the applicable rate on the quantity of the liquid which is used by him as fuel in such a vehicle, motorboat, or airplane [see § 48–4041–5] or which is sold by him in a taxable transaction."

This regulation, having been in effect since 1939, must now be treated as having the force of law. Douglas v. Commissioner of Internal Revenue, 134 F.2d 762 [C.A.8th, 1943] affirmed 322 U.S. 275, 64 S.Ct. 988, 88 L.Ed. 1271; Paragon Jewel Coal Co. v. Commissioner of Internal Revenue, 380 U.S. 624, 85 S.Ct. 1207, 14 L.Ed.2d 116 [1965].

At all times material plaintiff was engaged in both the trucking and farm machinery businesses. The trucks which he used in his trucking operations were diesel powered, and some of the farm equipment which he sold from his International Harvester dealership also used diesel fuel. On February 20, 1958 the plaintiff entered into a contract with Socony Mobil Oil Company, Inc. by which Socony was to supply him with gasoline and diesel fuel. These fuels were delivered in bulk by a local jobber into large tanks located at the plaintiff's place of business. By far the greater portion of the diesel fuel so delivered was used in the trucking business. The remaining portion was placed in the tanks of the new diesel powered farm machinery when it was sold. Such fuel was given to the purchaser of the machinery as a convenience to him, and the amount given varied from a small quantity to a full tank. There appears to be no record of the exact amount of fuel drawn for this purpose, and the only indication of the amount at trial was Ladehoff's own estimate of one percent or less.

The contract drawn between Socony Mobil and Ladehoff contained the following provisions:

"1. Products; Quantities. * * * Products purchased are for Buyer's consumption and not for resale. * * 6. Taxes. The amount of any present or future governmental tax, fee, or duty [not included in the price or otherwise paid by Buyer] on or meas-

ured by [a] this contract, [b] the products or constituent materials covered hereby or [c] the manufacture, sale, use or handling of said products or materials, shall be paid by Buyer to Seller."

It is the contention of the plaintiff that the provision of the contract numbered ■ above, coupled with Socony Mobil's knowledge of plaintiff's diesel fuel needs, satisfies the notice requirement of 26 C.F.R. 48.4041–4; and shifts the tax burden back to Socony Mobil.

■ The alternative method of collecting the excise tax on diesel fuel was chosen to avoid the problems which would be created by demanding that the retailer anticipate the amount of fuel which the purchaser would use for taxable purposes. There was also concern about the amount of evasion that the various states had experienced with similar taxes. S.Rep. No. 781, p. 97 [1951–2 Cum.Bull., p. 927]. When the fuel is delivered into the tank of a diesel powered highway vehicle, there is no problem in determining the taxability of the fuel. However, when fuel is delivered in bulk to a customer it would be difficult if not impossible for the seller to determine the correct amount of tax. If all the fuel sold will be used for taxable purposes, the buyer can so inform the seller by a written statement and shift the tax liability to the seller. If all the fuel will not be used for a taxable purpose it is to the buyer's advantage to assume the liability himself.

■ Plaintiff argues that the clause in the contract with Socony Mobil which provided that, "Products purchased are for Buyer's consumption and not for resale.", was written notice to Socony Mobil that all of the fuel purchased would be used for taxable purposes. It is clear that this clause is not sufficient notice. Given that Socony Mobil may be held to have a general acquaintance with the diesel fuel needs of the plaintiff, and that plaintiff's main use for the fuel was taxable; it still cannot be held to know every intended use for the fuel. Further, it cannot be held to assume that plaintiff would choose to pay the excise tax on

fuel used for non-taxable purposes. This is especially true where, as here, the seller had knowledge that at least some of the fuel was being used for non-taxable purposes. [Socony Mobil's jobber testified that on at least one occasion he had seen diesel fuel drawn from plaintiff's storage tanks and placed in a farm tractor.].

Plaintiff also suggests that it was the intent of the contracting parties that Socony Mobil should pay the federal excise tax and that the fuel purchased was priced accordingly. We do not here hold that the "written indication" given seller that buyer intends to use the fuel for a taxable purpose needs to be in a particular form or must contain any magic words. Nor do we decide that a contractual agreement that seller would pay federal excise taxes could not be equivalent to, or satisfy the requirements of, a "written indication". These questions are not before us. Although such an agreement was alleged, the evidence presented did not prove such an agreement. In fact, the evidence tended to prove that there was none. There was no showing that the provisions of the contract numbered 6 [above] calling for seller to collect and pay the excise taxes was applicable to this particular tax. Even if that was the original intent of the parties, the terms were altered by mutual agreement. Defendant introduced two invoices which show the amount that Socony Mobil charged plaintiff for diesel fuel. On the first, marked defendant's exhibit # 5, the price of Mobil fuel diesel is marked $.274. Socony Mobil's jobber testified that this invoice was voided at the request of plaintiff's brother [an employee of plaintiff who was in charge of the business in plaintiff's absence]. The brother told him not to include the charges for taxes as they paid their own. The jobber complied with the request and a second invoice was drawn, defendant's exhibit # 6, on which Mobil fuel diesel was priced at $.164. The combined amounts of state [7 cents] and federal [4 cents] taxes account for the difference in prices.

Ladehoff also argued that the price he paid for diesel fuel was proof that Socony Mobil had agreed to pay the federal taxes. This argument fails for two reasons. First, there was no proof of the price which was paid for gasoline on the road during the relevant time period. Second, even if plaintiff has proven that he paid more for diesel fuel delivered in bulk, [if the 4 cents federal tax is added], than he paid on the road at gas stations; this would not, of itself, be proof that Socony agreed to pay the federal excise taxes.

The burden of proof is upon the taxpayer to prove that he is entitled to a refund. Roybark v. United States, 104 F.Supp. 759 [S.D.Calif.1952], affirmed 218 F.2d 164 [C.A.9th 1954]; Forbes v. Hassett, 124 F.2d 925 [C.A.1st 1942]. This burden has not been met. Accordingly, the relief requested must be denied.

The foregoing shall constitute findings of fact and conclusions of law in accordance with Rule 52[a] of the Federal Rules of Civil Procedure. Counsel for the Government will prepare and submit an appropriate order of judgment within fifteen [15] days.