FAYGO BEVERAGES, INC.,
Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 79–1434.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 12, 1980.

Decided Feb. 6, 1981.

As Corrected Feb. 24, 1981.

Rehearing Denied May 4, 1981.

Robert Alpern, Nelson S. Shaperd, Birmingham, Mich., for plaintiff-appellant.

Richard A. Rossman, U. S. Atty., Detroit, Mich., M. Carr Ferguson, Gilbert Andrews, Robert G. Nath, Richard Farber, Anthony Ilardi, Jr., Tax Division, U. S. Dept. of Justice, Washington, D.C., for defendant-appellee.

Before WEICK, KENNEDY and JONES, Circuit Judges.

PER CURIAM.

Plaintiff-appellant appeals the decision of the District Court granting summary judgment for defendant-appellee, the United States. Appellant had sued for a refund of certain excise taxes. Appellant argued that the tax should have been collected from the sellers of the diesel fuel and not from it as it used the fuel in motor vehicles. The government argues the tax was properly collected from appellant as appellant failed to give written notice of the intended use in highway vehicles. (Several invoices did

mention "tractor" or other notation that indicated the fuel was being used for highway transportation. The court below held appellant was not liable for the tax on these sales; that decision is not before this Court.)

Section 4041(a) of 26 U.S.C. provides: (a) Diesel fuel. There is hereby imposed a tax of 4 cents a gallon upon any liquid (other than any product taxable under section 4081)—

(1) sold by any person to an owner, lessee, or other operator of a diesel-powered highway vehicle, for use as a fuel in such vehicle; or

(2) used by any person as a fuel in a diesel-powered highway vehicle unless there was a taxable sale of such liquid under paragraph (1).

The regulations provide that the seller of the diesel fuel shall pay the tax if the fuel is delivered directly into the fuel tank of a vehicle, motorboat, or airplane or, if not so delivered, if the buyer gives the seller written notice that the fuel will be used in a diesel-powered vehicle, motorboat, or airplane. If no such written notice is furnished, the buyer shall be liable for the tax if it uses the diesel fuel in a vehicle, motorboat, or airplane. *See* 26 C.F.R. § 48.4041–4(a).

The District Court held that this regulation was reasonable and consistent with the statute as it defines when a taxable sale is made under paragraph (1) of the statute. Appellant argues that the regulation is not reasonable, is contrary to legislative history, and imposes a burden on the seller to provide notice which the statute does not require.

Appellant cites two cases which have considered the application of the regulation in question. Neither of these, however, considered whether or not the regulation was inconsistent with the statute. In *Ladehoff v. United States*, 257 F.Supp. 517 (D.Neb. 1966), the buyer purchased diesel fuel in bulk from the seller, part of which was used for non-taxable use in farm machinery. The court held that the documents in that case were not sufficient to provide written notice. In *Tucker v. United States*, 28 A.F. T.R.2d 71–6367, 71–2 U.S. Tax Cas. (CCH) ¶ 16,023 (D.Colo.1971), the court stated that it felt written notice was only one way the buyer might notify the seller that the fuel was being used in highway vehicles. However, it found on the facts of the case that the documents provided sufficient written notice. This Court declines to follow the dicta in *Tucker* that written notice is only one method for the buyer to notify the seller that the fuel will be used for highway vehicles and thus avoid the tax when the fuel has not been delivered directly into gas tanks of highway vehicles. Under the clear language of the regulation, written notice is the only method for the buyer to notify the seller of the intended use. Thus, this Court must consider the question not faced by *Ladehoff* and *Tucker*, namely, was the promulgation of this regulation within the authority of the Secretary of the Treasury?

■ The Secretary of the Treasury has the authority to promulgate regulations for enforcement of the internal revenue laws. *See* 26 U.S.C. § 7805(a). Treasury regulations must be sustained unless unreasonable and plainly inconsistent with the revenue statutes. They constitute contemporaneous constructions by those charged with administration of these statutes which should not be overruled except for weighty reasons. *See Commissioner v. South Texas Lumber Co.*, 333 U.S. 496, 501, 68 S.Ct. 695, 698, 92 L.Ed. 831 (1948).

The regulation in the present case requiring written notice from a buyer that the fuel is to be used in highway vehicles is a bright line rule that undoubtedly aids the administration of the statute. That the regulation might have been written so as to require the seller to pay the tax unless the seller requests written confirmation that the fuel will not be used in highway vehicles does not make the regulation unreasonable.

This Court is troubled, however, because the regulation is not entirely consistent with the language of the statute. The statute speaks of knowledge; the regulation

speaks of notice. In the present case, there is no dispute that the sellers of diesel fuel knew that the fuel was being used in highway vehicles. But appellant did not give written notice.

The legislative history is inconclusive. The tax on diesel fuel was first enacted as part of the 1951 amendments to the Internal Revenue Code. It was not a major topic of debate so evidence about it is sparse. The House Bill contained a tax on diesel fuel. The tax was imposed on the retailer as opposed to the manufacturer as the House Committee did not intend to tax diesel fuel used for home heating, heating industrial plants, or for farm machinery. It only intended to tax diesel fuel on the same basis as gasoline, that is, use in highway vehicles. Thus, the tax was imposed on retailer and user rather than the manufacturer who could not know how the fuel was being used. *See* House Report No. 586, 82d Cong., 1st Sess. (1951), *reprinted in* [1951] U.S. Code Cong. & Admin. News 1781, 1825. The section-by-section analysis accompanying the House Report stated that "provision is also made for collecting the tax from a person who acquires fuel in such a manner that the seller thereof does not know that it is to be used as fuel for a Diesel-powered highway vehicle and for that reason sells the fuel tax-free." *Id.* at 1917.

The Senate Committee rejected the tax on diesel fuel as it would be too hard to collect—the retailer also sells to those who use diesel fuel for home-heating oil and considerable evasion could occur if the purchaser were expected to pay. *See* Senate Report No. 781, 82d Cong., 1st Sess. (1951), *reprinted in* [1951] U.S. Code Cong. & Admin. News 1969, 2072; 97 Cong. Rec. 11600 (Sept. 18, 1951). Senator George noted that the administrative problems had been brought out by the Treasury officials themselves. 97 Cong. Rec. at 11601.

The conference report retained the tax on diesel fuel without further discussion to the administrative problems. *See* 97 Cong. Rec. 13271 (Oct. 18, 1951) (Rep. Doughton); 97 Cong. Rec. 13700–13705 (Sen. George), *reprinted in* [1951] U.S. Code Cong. & Admin. News 2171, 2175.

The regulation in question was adopted in early January, 1953, as a final regulation in substantially the same form as it is presently. *See* 18 Fed. Reg., Part 1, at 63–64 (Jan. 3, 1953). The statutory language was not changed when it was reenacted as part of the Internal Revenue Code of 1954.

*See* House Report No. 1337, 83d Cong., 2d Sess., *reprinted in* [1954] U.S. Code Cong. & Admin. News 4017, 4468; Senate Rep. No. 1622, 83d Cong., 2d Sess., *reprinted in* [1954] U.S. Code Cong. & Admin. News 4621, 5127. Section 4041 has been amended a number of times, *see* the historical note following 26 U.S.C. § 4041(a), yet the language, except for the amount of the tax, is substantially the same as was originally enacted.

■ The scant legislative history from the House indicates that knowledge would be the key, but the Senate raised administrative problems (which were not specified in the report). The reports give no clue why the Senate capitulated and decided the administrative problems were not such a burden. Were this a recently enacted regulation, this Court would be inclined to hold that the regulation changes the focus, and thus the intent, of the statute by using written notice from the buyer rather than the knowledge (actual or reasonably should have known) of the seller. However, this regulation is long-standing. Congress has had plenty of opportunities to change the rule if it felt the rule placed undue burdens on the purchaser ·or if it felt the scheme as interpreted by the Secretary did not collect enough tax.

Because of the scant legislative history to the contrary and the regulation's long existence unmolested by Congressional disapproval, this Court cannot hold that the regulation is plainly inconsistent with the Congressional intent of the revenue statutes. The decision of the District Court is affirmed.